as substituted in amendatory act of February 15, 1858, which took effect from July 1st, 1858.

*Attorney-General*, for the defendant in error.

Moore, J.—When the recognizance was given upon which the present judgment was rendered, the law required that it should state distinctly the accusation against the defendant, whose appearance was intended to be secured. This has not been done in this recognizance, and it must, therefore, be held insufficient to support the judgment against the plaintiff in error. The recognizance cannot be aided by the note of the clerk opposite to the title of the case. This forms no part of the recognizance in which the plaintiff in error bound himself, and if it could be regarded as sufficient to satisfy the requirement of the law to which we have just referred, provided it had been a part of the recognizance, it cannot be so considered in the present case.

Let the judgment be reversed and the recognizance quashed.

Judgment reversed.

---

WILFRED BROWN, GUARDIAN, AND ANOTHER, V. G. W. GUTHRIE.

See this case for circumstances under which a trust of twelve years standing, sought to be engrafted on a deed of like standing by parol evidence, should have been held to be a stale demand.

APPEAL from Lavaca. Tried below before the Hon. Fielding Jones.

The appellee instituted this suit on the 20th of May, 1859, to obtain a decree for title to one-half of a tract of one thousand acres of land in Lavaca county. The defendants below were the guardians of Mary Jane and Martha Brown, minor heirs of Anthony Brown, deceased.

The facts are stated in the opinion.

Brown v. Guthrie.

*R. M. Tevis*, for the appellants.

MOORE, J.—This was a suit by the appellee, Guthrie, to en-graft by parol testimony an implied trust upon a deed for land. The facts out of which the trust is alleged to grow occurred, and the deed under which it is claimed was executed, more than twelve years before the institution of this suit. The plaintiff below, Guthrie, alleges in his petition that the land in question was won by himself and one Anthony Brown from Jesse Robinson, on a horse race run on the 1st of January, 1847, and that a deed was executed on said day to Brown for the entire tract of land, although the plaintiff was equally interested with him in the winnings on the race. On the trial several witnesses testified that they had heard Brown say before and after the race that the plaintiff was interested in the race with him, and entitled to one-half the land won on it. It was also proved that the horse run by Brown was kept and trained by Guthrie. Brown died in 1848, administration was shortly afterwards had upon his estate, and it was finally settled, and the administrator discharged in 1854. The land was inventoried as a part of Brown's estate, and the taxes upon it were paid by his administrator, and, since the final settlement of the estate, by the guardians of his children. No claim was made by Guthrie for the land against the estate of Brown during the pendency of the administration, nor, as far as is shown by the record, was his claim ever made known or as-serted prior to the institution of this suit. Nor was there any effort to explain or account for the long delay in its prosecution, or to show why the deed in the first instance was made in the name of Brown. Under these circumstances, the court below should have held the alleged trust to be a stale demand, and the mere parol proof of Brown's admissions of the trust (without ex-planation by Guthrie of his delay in its assertion) insufficient to sustain the verdict, or authorize a decree, and should have set the verdict aside and granted a new trial.

The judgment is reversed and the cause remanded.

Reversed and remanded.