## JAMES S. NORFLEET v. W. A. McCALL ET AL.

### No. 2906.

**Trust—Stale Demand.**—In a suit involving the title to land which had been conveyed September 19, 1857, to parties under whom both the plaintiffs and the defendants deraigned title, the appellant Norfleet intervened on July 3, 1890, claiming that the said conveyance of 1857 was in trust for him. The plaintiffs and defendants pleaded stale demand, and the testimony failed to show the extent of the interest of the intervenor. *Held*, that for both reasons the court properly instructed the jury to find against the intervenor.


APPEAL from Gonzales. Tried below before Hon. George McCormick.

February 9, 1887, W. A. McCall and others brought an action of trespass to try title for one hundred and sixty acres of land against Wm. Trench and wife. The defendants answered not guilty, and set up title under will of Mrs. Eugenia McCall to Mrs. Trench, her daughter, alleging that it was the separate property of Mrs. McCall.

July 3, 1890, J. S. Norfleet intervened, alleging that the land was purchased with funds.belonging to himself and his several brothers and sisters, and was held in trust by Mrs. McCall for him; that he was entitled to the land.

The deed under which all parties claim was executed September 19, 1857, by Baldridge to Samuel McCall and his wife Eugenia McCall. Mrs. McCall by will gave her interest in the land to Mrs. Trench. Plaintiffs claimed as heirs of Samuel McCall.

The court directed a verdict against intervenor. The jury found one half the land for defendant Mrs. Trench. Intervenor alone appealed.

Other facts are in the opinion.

*Glass & Burgess,* for appellant.— 1.   The facts show that the mother of appellant held the land in trust for intervenor, the character of the trust being such as that the statute of limitations would not run against him.   Sayles' Civ. Stats., art. 3198, sec. 24; 68 Texas, 70; Id., 353.

2.   The question whether or not the trust under which appellant's mother held the land was of such a character as that the statute of limitations would run was one of fact to be decided by the jury under proper instructions by the court.   Sayles' Civ. Stats., art. 1317.

3.   The motion for new trial shows a meritorious cause of action and that injustice has been done intervenor without negligence on his part. 56 Texas, 431; 61 Texas, 103.

*W. M. Atkinson* and *L. H. Plank,* for appellees.—1.   The evidence shows that Samuel McCall purchased the land and paid for it with his own money.

2.   The deed from Baldridge to McCall and wife shows that the land was their community property unless overborne by direct and positive proof that the land was the separate property of one of the spouses or was purchased by McCall and wife for appellant with his funds and held in trust by both for him, which proof was not furnished.   Sayles' Civ. Stats., arts. 2852, 2853; Epperson v. Jones, 65 Texas, 425; Smith v. Bailey, 66 Texas, 553. ·   A trust in land can not be proved by the testimony of a single witness swearing to the verbal declarations of the alleged trustee.   Hall v. Layton, 16 Texas, 274.

3.   The court did not.err in charging that appellant's claim was a stale one, for the testimony shows that McCall and wife held, used, and enjoyed the land for a period of thirty-three years adversely to appellant, during which time he made no demand for it.   Hudson v. Jurnigan, 39 Texas, 585; Fleming v. Reed, 37 Texas, 152; McGreal v. Jones, 36 Texas, 674; Barrett v. Kelley, 31 Texas, 480. ·

HENRY, ASSOCIATE JUSTICE—This was an action of trespass to try title brought by appellees against Fannie B. Trench and her husband.

The appellant intervened in the cause, alleging that he owned the land.

It was agreed that W. H. H. Baldridge was the common source of title. It was proved that Baldridge conveyed the land to Samuel McCall and his wife Eugenia McCall by deed dated the 19th day of September, 1857.

Eugenia McCall, before she married McCall, was the widow of James S. Norfleet, Sr. The intervenor was her son by that marriage. The defendant Mrs. Trench was a daughter of Eugenia Norfleet, afterward McCall.

The plaintiffs were the only heirs of Samuel McCall, deceased. Eugenia McCall by her last will devised the land in controversy to the defendant Fannie Trench.

The intervenor contended that the purchase money paid Baldridge for the land when he conveyed it to Samuel and Eugenia McCall was the proceeds of the sale of negroes belonging to his father's estate, in which he had an interest, and that the title was held by the grantees in the deed in trust for him. Intervenor was upward of fifty years old when this suit was begun.

The plaintiff brought evidence that the purchase money paid to Baldridge for the land was the separate estate of Samuel McCall, acquired by him by a sale of his property in the State of Mississippi.

The defendant introduced evidence showing that it was paid with the proceeds of the sale of negroes belonging to the estate of the father of the intervenor.

The intervenor introduced some evidence of declarations made by his mother that she had given the other Norfleet children their part of their father's estate and that intervenor should have his part at her death. He testified that these declarations of his mother and her age and feeble condition were the causes of his not suing to establish his claim to the land. He introduced no other evidence to account for or excuse his delay in suing to establish his claim. He testified that he had several brothers and sisters, all of whom were then dead except Mrs. Trench, the defendant, who was his half-sister but not his father's daughter.

The evidence showed nothing further with regard to who were interested in the estate of the father of the intervenor.

The court gave an appropriate charge upon the issues between the plaintiff and the defendant. With regard to intervenor it charged that he could not recover because the trust had not been proved and his claim was a stale demand.

The jury found that the land was the community property of the father of plaintiffs and the mother of the defendant, and judgment was rendered dividing it equally between them, of which neither of them

complain. The intervenor alone prosecutes this appeal and complains of the charge of the court.

We think the charge was correct. If there was any evidence tending to establish a trust in the land in favor of plaintiff it altogether failed to establish the extent of his interest. Even if he had sufficiently proved the existence of a trust in his favor his long and unexcused delay in suing to establish it was properly held to be a bar to his recovery.

The judgment is affirmed.

*Affirmed.*

Delivered March 13, 1891.