## V. A. FLOYD ET AL. v. WILL D. WATKINS.

Decided November 11, 1903.

**1,—Estates of Decedents—Incumbrances—Foreclosure.**

A married woman, joined by her husband, mortgaged her separate property and died devising it by will which was admitted to probate; but the executor named failed to qualify and letters of administration were refused because there were no debts but those of the community. Held, that there was no necessity for administration, and the mortgage was properly foreclosed by suit in district court against the heirs and devisees.

ON MOTION FOR REHEARING.

**2.—Judgment—Collateral Attack.**

When the judgment of a domestic court of general jurisdiction is collaterally attacked, it must be deemed valid unless it appears that no facts could have been shown which could render it so.

**3.—Same—Administration—Action Against Heirs.**

Though a judgment against heirs in the district court was obtained during the time allowed for taking out administration, and without it, the presumption, in favor of such judgment upon collateral attack, would be indulged that the court could entertain the suit because no other debts nor necessity for administration existed.

**4.—Same—Evidence.**

The introduction in evidence of the original petition in a suit against heirs which contained no allegations showing no administration necessary, did not disprove the presumption that facts supporting the jurisdiction were shown, in the absence of proof that the case was tried on that, and not on an amended petition.

Appeal from the District Court of Falls. Tried below before Hon. Sam R. Scott.

Floyd and others appeal from a recovery against them in trespass to try title by Watkins.

*Rice & Bartlett, R. Lyles,* and *Clark & Bolinger,* for appellants.

*Martin & Eddins,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is an action of trespass to try title, resulting in a judgment in favor of the plaintiff, and the defendants have appealed. The trial judge's findings of fact are supported by testimony, adopted by this court, and read as follows:

"1. That V. A. Floyd and M. J. Floyd (sometimes called Julia Floyd) were husband and wife, having been married about the year 1884, and there was no issue of said marriage.

"2. That on the 22d day of January, 1894, the said V. A. Floyd and his wife M. J. Floyd executed a promissory note to the Scottish-American Mortgage Company, Limited, for the sum of $3000, payable at the First National Bank of Waco, Texas, bearing 9½ per cent interest per annum from date, payable annually on the first day of January, each year; that said note was secured by a deed of trust on the land in controversy in this suit, which land was the separate property of M. J. Floyd, having been acquired by her by devise from her father.

"3. That on the 10th day of December, 1896, the said M. J. Floyd departed this life at her home in Falls County, Texas, leaving a last will and testament, a copy of which is hereto attached, Exhibit "A," by which a life estate in the land in controversy was given to her surviving husband, the said V. A. Floyd, with remainder to certain parties named in the will, and that at the time of her devise she owed no debt, except such as were community debts.

"4. That on the 19th day of January, 1897, the last will and testament of said Julia Floyd was filed in the County Court of Falls County, Texas, and application then made for the probate of the same by one Earnest Moore, who resided in the State of Mississippi, and who was named in said will as executor of the same, and that afterwards, on the —— day of February, 1897, said will was admitted to probate by the County Court of Falls County and letters ordered to issue to said Earnest Moore upon his filing bond in the sum of $30,000, but said Moore never qualified as executor of said will.

"5. That thereafter, on the —— day of ——, 1897, one E. M. Eddins made application for letters of administration upon said estate with will annexed, which application was thereafter, on the 19th day of November, 1897, granted by the probate court of Falls County, and his bond fixed at $30,000, but that the said E. M. Eddins failed and refused to qualify as such administrator; and no other orders except those mentioned were made by said court in said estate.

"6. That afterwards, on the 19th day of July, 1899, one Sam Bykowski filed application in the probate court of Falls County for letters of administration upon said estate of Julia Floyd with will annexed; that said application was contested by the plaintiff herein, Will D. Watkins, and the other persons named in said will of Julia Floyd as devisees and interested in the estate of said Julia Floyd, on the ground, principally, that there was not necessity for administration upon the estate of Julia Floyd, because the alleged debts against her estate were community debts and were not debts against her estate. That the application of said Bykowski for letters of administration was on the 9th day of September, 1899, refused by the probate court of Falls County, and an appeal from the judgment of the County Court was taken to the District Court, which court also refused said application on the —— day of ——, 1901, on the ground that no necessity for administration upon the estate of said Julia Floyd existed at that time.

"7. That on the 30th day of January, 1899, the Scottish-American Mortgage Company, Limited, filed a suit in the District Court of McLennan County, Texas, against the devisees named in the will of Julia Floyd, including the defendant V. A. Floyd, and also all her heirs at law, upon the note for $3000 hereinbefore described, and prayed for judgment thereon against the defendant V. A. Floyd, and for foreclosure of its mortgage lien upon the land in controversy against all of the defendants, but no effort was made by the proceeding in said suit to make the estate of said Julia Floyd, deceased, a party thereto; that all of said defendants were duly cited to answer said suit, including the defendant

V. A. Floyd, and afterwards, on the 14th day of April, 1899, judgment was rendered in said cause in favor of the Scottish-American Mortgage Company, Limited, for the amount of said note, against the defendant V. A. Floyd, and the mortgage lien alleged in said petition was foreclosed upon the lands mortgaged, same being separate property of Mrs. Floyd, against said V. A. Floyd and all the other defendants named in said suit, including said V. A. Floyd, on the land in controversy; and it was ordered by the court that an order of sale issue, directed to the sheriff or any constable of Falls County, directing him to sell said property, as provided by law, for the satisfaction of the judgment therein rendered against defendant V. A. Floyd; and that should the land sell for more than sufficient to pay off and satisfy said judgment, then the officer was directed to pay over the excess into the registry of the District Court of McLennan County, Texas, to abide the further determination of the court as to whom said surplus should be paid, as between the defendants therein.

"8. That afterwards, on the 5th day of May, 1899, an order of sale was issued by the district clerk of McLennan County, addressed to the sheriff of Falls County, directing him to sell said land as provided in above described decree of foreclosure; and afterwards, again, on the 6th day of June, 1899, said land was sold by the sheriff of Falls County in accordance with the requirements of said order of sale, and the same was struck off to the plaintiff herein, Will D. Watkins, for the sum of $4400, and a deed to him thereafter accordingly made by the sheriff of Falls County bearing date June 6, 1899.

"9. That the annual rental value of the land in controversy was $3 per acre for 250 acres; that is the land in cultivation, aggregating $750 per year. The writ of sequestration was levied on the —— day of ———, 1900, and the land has been in possession of the sheriff of Falls County up to the time of trial."

*Opinion.*—We agree with the contention of appellee's counsel and the ruling of the trial court, that there was no administration upon the estate of Julia Floyd, and no necessity for such administration; and therefore the District Court of McLennan County had jurisdiction to foreclose the mortgage as against her heirs, notwithstanding the fact that she had left a will which had been established in the probate court. The trial court rendered the proper judgment, and it is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

KEY, ASSOCIATE JUSTICE.—If the judgment of the District Court under which appellee claims is not absolutely void, the judgment of affirmance in this case is correct. Appellants attack that judgment upon the ground that the District Court had no jurisdiction. This is a collateral attack, and in order to sustain it, it must be made to appear from the record of the case in which the judgment was rendered, or

otherwise, that the court was without jurisdiction. Ablowich v. Bank, 95 Texas, 429.

The rule is that "when the judgment or decree of a domestic court of general jurisdiction is collaterally attacked it must be deemed valid, unless it appears that no facts could have been shown which could render it so." Martin v. Robinson, 67 Texas, 368; Endel v. Norris, 93 Texas, 540.

The general rule is that when a debtor dies, creditors must enforce their claims in the probate court, and can not, within the time allowed by law for the issuance of letters of administration, maintain an action against the heirs or devisees. But this is not an inflexible rule, and a creditor without entering the probate court may sue and have property of the estate applied to the payment of his debt, by showing that no other debts exist, and that there is no necessity for an administration. Patterson v. Allen, 50 Texas, 23; Solomon v. Skinner, 82 Texas, 345. This exception to the general rule existing, when a judgment is obtained against heirs or devisees and such judgment is attacked collaterally, the rule referred to in Martin v. Robinson, supra, applies. Testing the judgment assailed in this case by that rule, and considering the facts disclosed by the present record, we think it must be held that the judgment was not void. While the suit in that case was commenced and the judgment rendered before the expiration of the time allowed for the issuance of letters of administration, and while proceedings had been instituted in the probate court and the will established and an executor appointed, the latter had failed to qualify, and there was no administration upon the estate in the sense that there was a representative of the estate to whom the claim could have been presented for allowance. Nor does the record show that the existence of other claims against the estate or the rights of other persons rendered administration necessary. The non-existence of such claims and rights could have been alleged and proved in the foreclosure suit which resulted in the judgment here assailed. Averment and proof of such facts would have taken the case out of the general rule and brought it within the exception conferring jurisdiction on the district court.

In the trial of the case now on appeal, in which the judgment referred to is collaterally assailed by the appellants, it devolved upon them to negative the existence of facts authorizing the suit to be brought in the district court. This they failed to do; but, on the other hand, appellee submitted testimony tending to show the existence of such facts. It is true that appellants put in evidence the original petition in the foreclosure suit, and that pleading disclosed on its face the existence of the probate proceedings, the appointment of an executor and his failure to qualify, and did not allege that no other debts existed against Mrs. Floyd's estate. But it was not shown that the original petition was the only pleading filed by the plaintiff in that case. An amended petition

may have been filed, setting up all the facts necessary to authorize the suit in the district court; and, in the absence of a showing to the contrary, it will be presumed in this collateral proceeding that such was the case.

The motion for rehearing has been carefully considered, and the conclusion reached that it should be overruled, and it is so ordered.

*Overruled.*

Opinion filed March 23, 1904.

Writ of error was refused by the Supreme Court, April 20, 1904.