OLSEN v. GREELE et al. (No. 5664.)

(Court of Civil Appeals of Texas. Austin.
June 21, 1916. Rehearing Denied
Nov. 15, 1916.)

1. TENANCY IN COMMON ⊙=15(7, 8)—ADVERSE
POSSESSION—NOTICE.

The execution of a deed by a tenant in common conveying the entire tract of land and its registration by the grantee, who took open and adverse possession thereunder and paid the taxes, was notice to the other cotenant of the assertion of an adverse claim.

[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. § 49; Dec. Dig. ⊙=15 (7, 8).]

2. LIMITATION OF ACTIONS ⊙=19(1)—FORGED
DEED—STATUTE.

The five-year statute of limitations, declaring that no one claiming under a forged deed shall be allowed its benefits, refers to the deeds relied on in support of the plea, and not to prior deeds in the chain of title, not necessary to support the plea.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 73, 80, 84, 85; Dec. Dig. ⊙=19(1).]

Appeal from District Court, Mills County; John D. Robinson, Judge.

Suit for partition by Wm. Olsen against Wm. Greele and others. Judgment for defendants, and plaintiff appeals. Affirmed.

James Kaley, of San Antonio, for appellant. E. B. Anderson, of Goldthwaite, for appellees.

KEY, C. J. Appellant brought this suit against appellees, alleging that he was the owner of an undivided one-half of a 320-acre tract of land, and sought to have the same partitioned between him and the defendants. Among other things, the defendants pleaded the three, five and ten year statutes of limitation, and denied the right of the plaintiff to any of the land. The trial court sustained the two last-named pleas, and rendered judgment for the defendants for all of the land, and the plaintiff has appealed.

The trial judge did not file findings of fact, but the statement of facts sustains his holding that the plaintiff's claim was defeated by the five-year statute of limitation. It is not contended in appellant's brief that appellees failed to show actual possession of the land, together with the payment of taxes, under deeds duly recorded, for more than five years before the suit was brought; but the contention is that the pleas of limitation are unavailing, for the reason that appellant and appellees were cotenants, and therefore the latter's possession and payment of taxes did not constitute such an ouster as was necessary to start the running of limitation, and authorities are cited which lay down the doctrine in general terms that limitation will not run in favor of the cotenant until it is shown that he has repudiated the title of his co-owner, and that the latter had no-

tice of such repudiation. It is also contended that the statute of limitations cannot avail in this case, because it was shown that one of the deeds in appellees' chain of title was a forgery.

The appellees base their plea of five-year limitation upon deeds executed by William T. and S. J. Allen, conveying in the aggregate the entire 320-acre survey to appellees. Those deeds had been recorded and possession held under them, together with the payment of taxes, for more than five years before this suit was instituted. Appellant contends, however, that as the Allens were joint owners and tenants in common with him, if their deeds conveying all the land constituted a repudiation of his claim of title, still it was not shown that he had any knowledge or notice of that claim until a short time before this suit was commenced.

[1] Counsel for appellees contend, and the weight of authority supports their contention, that the registration of the deeds from the Allens conveying the entire tract of land constituted sufficient notice of the repudiation of appellant's claim to support the statute of limitation. That identical question was passed upon by this court in Robles v. Robles, 154 S. W. 230, where it was held that the execution of a deed by a tenant. in common, and its registration by the grantee, who took open and adverse possession thereunder, and paid the taxes, was notice to the other cotenant of the assertion of an adverse claim. See, also, Byers v. Carll, 7 Tex. Civ. 423, 27 S. W. 190; Jacks v. Dillon, 6 Tex. Civ. App. 192, 25 S. W. 645, writ of error refused 93 Tex. 711; Lewis v. Terrell, 7 Tex. Civ. App. 314, 26 S. W. 754; Puckett v. McDaniel, 8 Tex. Civ. App. 630, 28 S. W. 360, writ of error refused 93 Tex. 693; Stubblefield v. Hansen, 94 S. W. 406, writ of error refused 101 Tex. 661; Naylor & Jones v. Foster, 44 Tex. Civ. App. 599, 99 S. W. 114; Church v. Waggoner, 78 Tex. 203, 14 S. W. 581; Morgan v. White, 50 Tex. Civ. App. 318, 110 S. W. 491; Carr v. Alexander, 149 S. W. 218; Bracken v. Jones, 63 Tex. 184; Brownson v. Scanlan, 59 Tex. 222.

[2] But it is also contended on behalf of appellant that the five-year statute of limitation cannot avail in this case, because the undisputed testimony shows, executed many years prior to the Allen deeds hereinbefore referred to, and purporting to have been executed under power of attorney from appellant, was a forgery. It is true that the statute relating to five-year limitation declares that "no one claiming under a forged deed or deed executed under a forged power of attorney, shall be allowed the benefits of this article"; but in their plea of five-year limitation appellees did not base their right to such limitation upon the deed charged to be a forgery, but upon deeds executed by the

Allens, as hereinbefore stated, and which deeds were free from any suspicion of forgery. We hold that the provision of the statute denying the right to use a forged deed as the basis of the five-year statute of limitation has reference to the deeds relied on in support of that plea, and not to other deeds, not necessary to support such plea of limitation. Hence we hold that the proviso in the statute referred to has no application to this case.

All of the questions presented in appellant's brief have been duly considered, and our conclusion is that the judgment ought to be affirmed; and it is so ordered.

Affirmed.