OLSEN v. GRELLE et al. (No. 144–3077.)

(Commission of Appeals of Texas, Section B.
March 16, 1921.)

1. **Life estates** ⬤⟹8—**Limitations do not run against remaindermen during life tenancy.**

Limitations do not begin to run against remainderman until the death of the life tenant, in favor of persons not strangers to the life estate.

2. **Tenancy in common** ⬤⟹15(7, 8)—**Possession by cotenant, when adverse.**

A cotenant not in possession must have actual knowledge of the fact that cotenant in possession is disputing his right to the property, or such cotenant's possession and assertion of hostile claim must be so notorious as to authorize the presumption that the other joint owner had knowledge thereof; but possession under deed or deeds executed by a cotenant and purporting to convey the entire property is hostile to that of the cotenant, and he is charged with knowledge of the hostile character thereof.

3. **Limitation of actions** ⬤⟹19(1)—**Deed executed under forged power of attorney a "forged deed," under limitation statute.**

A deed executed under a forged power of attorney was a forged deed, within the meaning of the five-year statute of limitations (Rev. St. art. 5674), which provides that it shall not apply to one who would deraign title through a forged deed.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Suit by William Olsen against William Grelle and others. The Court of Civil Appeals affirmed a judgment for defendants (190 S. W. 240), and plaintiff brings error. Judgments of the district court and Court of Civil Appeals reversed, and cause remanded, with directions.

Jas. Raley, of San Antonio, for plaintiff in error.

E. B. Anderson, of Goldthwaite, for defendants in error.

McCLENDON, P. J. This was a suit by William Olsen against William Grelle and others, for the partition of the Joseph T. Bell survey in Hamilton county, containing 320 acres. Plaintiff claimed to be the owner of one-half undivided interest. The defendants set up title in themselves, and among other pleas invoked the statute of limitations of three, five, and ten years. The case was tried before the court without a jury, and judgment was rendered for the defendants; the judgment reciting that the defendants established their pleas of limitations under the five and ten year statutes. The Court of Civil Appeals affirmed this judgment, holding that the evidence sufficiently established title under the five-year statute. 190 S. W. 240.

The correctness of this holding by the Court of Civil Appeals is assailed, upon the contention that the evidence was insufficient under the five-year statute upon two grounds: First, because the defendants were cotenants of plaintiff, and no notice of their adverse holding had been brought home to plaintiff; and, second, because defendants, in order to defeat plaintiff's title, would, in the absence of the five-year statute, have to deraign title through a forged deed.

In 1881 the title to the survey was vested in Dortie Olsen for life, with remainder to William Olsen, plaintiff, and Samuel Olsen. On May 17, 1881, Dortie Olsen, "acting for herself, and purporting to be acting as agent and attorney in fact for William Olsen under a power of attorney from him, conveyed the 320 acres to S. R. Thorpe and L. W. Campbell." Six days later Samuel Olsen conveyed to Thorpe and Campbell a one-half undivided interest in the survey. By mesne conveyance under these deeds 240 acres of the survey passed in 1888 in severalty to defendant William Grelle, and in the same year 80 acres passed in like manner to defendant J. T. Priddy. For more than ten years prior to the filing of the suit all the deeds under which Grelle and Priddy claimed had been duly of record, and they had each paid taxes and held such possession of the respective tracts as would meet the requirements of our limitation statutes. Dortie Olsen died about six or seven years before this suit was brought. William Olsen testified that he did not execute any power of attorney in favor of Dortie Olsen, and no evidence was offered showing that any power of attorney was ever executed.

[1] The defendants not being strangers to the life estate of Dortie Olsen, limitation would not begin to run against the remainderman until her death, which precludes reliance upon the ten-year statute of limitations; but limitation would begin to run against the remainderman from the date of the death of the life tenant. Millican v. McNeill, 102 Tex. 189, 114 S. W. 106, 21 L. R. A. (N. S.) 60, 132 Am. St. Rep. 863, 20 Ann. Cas. 74.

[2] We cannot agree with plaintiff's contention that notice of defendants' adverse claim was not brought home to plaintiff so as to charge him with knowledge thereof. That the cotenant not in possession must have actual knowledge of the fact that the cotenant in possession is disputing his right to the property, or such cotenant's possession and assertion of hostile claim must be so notorious as to authorize the presumption that the other joint owner had knowledge thereof, is well established in this state. Stiles v. Hawkins, 207 S. W. 89, and authorities there cited. But it is equally as well established that where one goes into posses-

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sion of property under deed, or deeds, executed by a cotenant, and purporting to convey the entire property, such possession is hostile to that of the cotenant, and he is charged with knowledge of the hostile character thereof. The rule is thus stated in 1 Cyc. 1078:

"Except in one state, where one of several tenants in common executes a deed purporting to convey the entire premises to one who enters into possession thereof claiming title, or recording his conveyance, this will constitute a disseisin of the cotenants and after the expiration of the statutory periods of limitations their right to the land will be barred."

In addition to the authorities cited by the Court of Civil Appeals upon this question, there is an extended note under the case of Lloyd v. Mills, 32 L. R. A. (N. S.) 702. See also 7 Ruling Case Law, pp. 854–856; Clymer v. Dawkins, 3 How. 674, 11 L. Ed. 778.

We think the Court of Civil Appeals correctly held that the possession of the defendants from the date of the death of Dortie Olsen amounted to an ouster and disseisin of William Olsen, and that limitation began to run against him from that date.

[3] Confining their adverse possession to the period between the death of Dortie Olsen and the filing of the suit, a period of not exceeding seven years under the evidence, defendants, in order to maintain title by limitation, are required to resort to the article of the statutes (R. S. art. 5674) covering the five-year period, wherein it is—

"Provided, that this article shall not apply to any one * * * who in the absence of this article would deraign title through a forged deed."

It is clear, from the foregoing statement, that defendants, in order to establish title, in the absence of their claim of limitation under the five-year statute, would have to deraign title through the deed from Dortie Olsen, purporting to convey William Olsen's half interest in the property, and that, if that deed had been executed under a valid power, their title would have been unassailable. The case, therefore, falls clearly within the quoted proviso of article 5674, unless the expression therein, "forged deed," should be held not to embrace a deed executed under a "forged power of attorney." Such construction would be narrow and technical, and not in accord with the spirit and purpose of the proviso, which purpose was no doubt that the five-year limitation period should not apply where invoked to perfect a title, regular on its face, but tainted with forgery. While the deed of Dortie Olsen might not, under the rules of criminal law, be held to be forged, yet it depended for its

validity upon a validly executed power, and, if that power was forged, the deed itself was within the contemplation of the proviso tainted with forgery.

We conclude that the judgments of the district court and Court of Civil Appeals should be reversed, that plaintiffs, as against the defendants, should be decreed to have title to a one-half undivided interest in the land sued for, and that the cause should be remanded to the district court for the purpose of partition.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.