### NEVILL et al. v. HINKLE et al.    (No. 75.)*

(Court of Civil Appeals of Texas. Waco. Feb. 19, 1925. Rehearing Denied Oct. 8, 1925.)

**1. Tenancy in common ⬉⟳15(7, 8)—Limitation does not run in favor of cotenant before repudiation of other cotenants' rights and notice to them.**

Until a cotenant repudiates rights of his cotenants, limitation does not begin to run, and not then until cotenants have knowledge of such repudiation.

**2. Tenancy in common ⬉⟳15(10)—Evidence held to sustain finding of cotenants' knowledge of adverse claims by cotenant.**

Evidence *held* to justify finding that cotenants knew of adverse claim of another cotenant for more than 10 years prior to institution of suit.

**3. Tenancy in common ⬉⟳19(5)—Cotenants' claim of interest in land held stale demand.**

Claim of cotenants to interest in property, which another cotenant had redeemed from mortgage foreclosure sale more than 20 years previously, *held* a stale demand for want of offer of contribution within reasonable time after foreclosure.

**4. Tenancy in common ⬉⟳19(5)—Cotenants must within reasonable time offer to contribute toward purchase for preservation of property by cotenant.**

When cotenant purchases joint property to protect and preserve it, it is incumbent upon cotenants within reasonable time to offer to make contribution.

**5. Tenancy in common ⬉⟳19(3)—Cotenant, purchasing property at execution sale without taking unfair advantage, obtains entire title.**

Where cotenant, to protect his interest, purchases property under execution sale without taking undue or unfair advantage of his co-owners, he obtains entire title and is under no obligation to convey any part thereof to his cotenants.

**6. Courts ⬉⟳472(4)—As general rule, probate court has exclusive control of sales of property belonging to estates being administered therein.**

As general rule, probate court has exclusive control of sales of property belonging to estates being administered therein.

**7. Courts ⬉⟳472(4)—District court held to have jurisdiction of suit to foreclose mortgage, notwithstanding probate court's jurisdiction over estate of deceased mortgagor.**

District court *held* to have jurisdiction of suit against life tenant individually, and heirs and beneficiaries entitled to remainder under will, to foreclose mortgage, notwithstanding estate of deceased mortgagor was pending in probate court.

Appeal from District Court, Falls County; James P. Alexander (in place of Prentice Oltorf), Judge.

Suit by Mrs. Cornelia Nevill and others against Chas. Hinkle and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

R. R. Neyland, of Greenville, and Sam R. Scott, of Waco, for appellants.

J. W. Spivey, of Waco, and Bartlett & Carter, of Marlin, for appellees.

BARCUS, J. Julia Floyd, wife of V. A. Floyd, owned as her separate estate 1,103 acres of land in Falls county. She died in December, 1896, leaving a will, by which she bequeathed to her sister, Mrs. C. A. Watkins, 550 acres of the land, and the remaining 553 acres, being the property involved in this litigation, she bequeathed to her husband, V. A. Floyd, for life, with the remainder (not in equal portions, however) to her nieces and nephews, Allie Moore, Nellie Moore, C. M. Kimbrough, Willie Watkins, Minnie Watkins, and Julia Watkins. Her will in February, 1897, was duly probated in Falls county. The executor, appointed by the court, failed to qualify and no further action or order has been taken or made in said estate. In July, 1899, Sam Bikowske made application for letters of administration on the estate of Mrs. Floyd, which was contested by Mrs. C. M. Watkins, Willie Watkins, and Julia Anding (née Watkins), and the court held that there was no necessity for an administration on Mrs. Floyd's estate and denied the application. In December, 1900, C. M. Kimbrough, one of the beneficiaries named in the will, made application in the probate court of Falls county for letters of administration on the estate of Mrs. Floyd, and the above-named parties again resisted and the application was refused. This was the last effort made by any of the parties to have the estate of Mrs Floyd administered through the probate court.

When Mrs. Floyd died in 1896, the 1,103 acres of land was mortgaged to secure a community note, signed by Mrs. Floyd and husband, V. A. Floyd, for about $4,000. In April, 1899, the mortgage company brought suit in the district court of McLennan county on the note against V. A. Floyd, and sought a foreclosure of the lien against V. A. Floyd and all the heirs of Mrs. Floyd, as well as the

beneficiaries named in the will. Judgment was rendered in the district court in favor of the mortgage company for its debt against V. A. Floyd, and for a foreclosure of its mortgage lien on the land against all the defendants. The judgment provided for an order of sale to issue, and in May, 1899, the sheriff of Falls county, by virtue of an order of sale issued on said judgment, sold the property to W. D. (Willie) Watkins, one of the beneficiaries named in the will, for $4,400, being $30 more than the amount of the judgment and costs. W. D. Watkins borrowed all of the money with which he paid for said land by executing a mortgage on the land. After W. D. Watkins purchased the land at the sheriff's sale, he conveyed to his mother Mrs. C. M. Watkins, 550 acres of the land by general warranty deed. That tract is not in controversy herein.

In September, 1899, W. D. Watkins filed suit in trespass to try title against V. A. Floyd for the land in controversy, alleging that he was the owner thereof in fee simple. V. A. Floyd filed a plea of not guilty. The trial resulted in a judgment in favor of W. D. Watkins, which was appealed and affirmed (Floyd v. Watkins, 34 Tex. Civ. App. 3, 79 S. W. 612), and the Supreme Court refused a writ of error.

In February, 1906, W. D. Watkins and wife sold 113 acres of the land, and in March, 1907, they sold 113⅓ acres, and in March 1908, W. D. Watkins died intestate, without issue, and his wife, Sallie Watkins, was appointed administratrix of his estate, and 200 acres of the land was, in October, 1908, set aside to her as a homestead. In November, 1909, Mrs. Watkins, as administratrix, under order of the probate court, sold the remaining 138½ acres of the land, and the funds derived therefrom were used to pay the debts of W. D. Watkins.

In October, 1908, C. J. Watkins, one of the appellants in this suit, filed suit in trespass to try title against Mrs. Sallie Watkins, individually and as administratrix of the estate of W. D. Watkins, and against all the heirs of W. D. Watkins, Minnie Watkins, and Julia Watkins, being three of the beneficiaries under the will of Mrs. Floyd, alleging, in substance, that at the time W. D. Watkins purchased the land under sheriff's sale in 1899, it was agreed between him and W. D. Watkins that W. D. Watkins would buy the land for the use and benefit of him, C. J. Watkins, and W. D. Watkins jointly. Mrs. Watkins in her answer claimed to be the owner in fee of all said land, except such tracts as had been sold. This suit was tried and resulted in a judgment in favor of Mrs. Watkins, and the judgment of the trial court was affirmed. Watkins v. Watkins (Tex. Civ. App.) 141 S. W. 1047.

It was an admitted fact that from the time W. D. Watkins obtained possession of the land in 1899 by virtue of his purchase under the sheriff's deed, he had been in actual, open, notorious possession thereof, cultivating and improving same, except such tracts as he sold, and that the purchasers of the respective tracts had obtained warranty deeds from him and recorded same and had been in open, notorious possession thereof since their respective dates of purchase, making valuable improvements thereon.

In December, 1921, V. A. Floyd died in California. He had not lived on the land since he was put off by the suit of W. D. Watkins in 1899. This suit was filed in April, 1922, by the heirs of Mrs. Floyd and the beneficiaries named in the will against Mrs. Sallie Watkins, wife of W. D. Watkins, and the parties who had purchased part of the land from said W. D. Watkins and wife, in trespass to try title, for 553 acres of the land he purchased at the sheriff's sale in 1899, and asking for a partition thereof, together with rents.

Appellants claim they are entitled to the land by virtue of the will of Mrs. Floyd, which gave V. A. Floyd a life estate with remainder to them. They claim the sale under the judgment brought by the mortgage company was void, for the reason that at the time the suit was filed in the district court to foreclose the mortgage lien, and at the time of sale, the estate of Mrs. Floyd was pending in the probate court of Falls county, and that said court alone had authority to order a sale of the property. They claim that if said sale was not void, that W. D. Watkins only purchased the life estate of V. A. Floyd, and they claim that if he purchased more than the life estate, he purchased same as a cotenant and cobeneficiary named in the will, for the use and benefit of all of his cotenants. They offered in this suit to reimburse Mrs. Watkins for whatever amount the court found to be their pro rata part of the money which W. D. Watkins was required to pay, in order to redeem or purchase said property. The appellees answered by plea of not guilty, and further pleaded that, in purchasing the property at the sheriff's sale, W. D. Watkins purchased same in his own right. They alleged that, if appellants at any time had a claim, that said claim was a stale demand, in that they had not offered to redeem or to in any way contribute their part of the money that W. D. Watkins was required to pay in order to buy the property under the sheriff's sale in 1899, and pleaded the statutes of limitation. The trial court rendered judgment for defendants, appellees herein, but did not file any findings of fact or conclusions of law.

All the parties at interest in this cause were parties in the foreclosure suit brought by the mortgage company in 1899, and no appeal was taken from said judgment and no direct attack has ever been made on same. In the suit of W. D. Watkins against V. A.

Floyd, the appellate court held that the sale under the sheriff's deed passed title to W. D. Watkins. In the suit of C. J. Watkins against Mrs. W. D. Watkins, in which all of the heirs of W. D. Watkins, Minnie Watkins and Julia Watkins, were made parties (and all of them are appellants in this suit), the appellate court held that Mrs. W. D. Watkins was the owner of the property in controversy. During the lifetime of W. D. Watkins, he and his wife, by warranty deeds, sold 223 acres of the land in controversy, and, in 1909, Mrs. Watkins, as administratrix, sold 138½ acres of said land to different parties for valuable considerations, and all of said parties entered into possession thereof and have for the last 15 to 20 years been in actual, open, notorious possession thereof.

[1, 2] The appellants, during the entire period from 1899, when W. D. Watkins purchased the land, until the filing of this suit in April, 1922, did not offer to contribute to him or his wife any part of the purchase price of the land. Until a cotenant repudiates the rights of his cotenants, limitation does not begin to run. Perkins v. Perkins (Tex. Civ. App.) 166 S. W. 915; Meurin v. Kopplin (Tex. Civ. App.) 100 S. W. 984; when a cotenant does repudiate the title of his cotenants, limitation will begin to run from the time the cotenants have knowledge of said repudiation. Olsen v. Greele (Tex. Civ. App.) 190 S. W. 240; Id. (Tex. Com. App.) 228 S. W. 927; Walker v. Knox (Tex. Civ. App.) 191 S. W. 730; Robles v. Robles (Tex. Civ. App.) 154 S. W. 230; Yealock v. Yealock (Tex. Civ. App.) 141 S. W. 842 (writ refused); McBurney v. Knox (Tex. Civ. App.) 259 S. W. 667 (writ granted); Carr v. Alexander (Tex. Civ. App.) 149 S. W. 218; Tinsley v. Mays (Tex. Civ. App.) 251 S. W. 577. As to what amounts to a repudiation is a question of fact. The facts, as revealed by this record, show that W. D. Watkins and wife not only conveyed by warranty deeds part of the land in controversy and put the purchasers in actual possession, but the title has been litigated twice, and in each of said suits the appellate court found that W. D. Watkins and his wife had the fee title. They have improved the land by clearing the timber, putting same in cultivation, and making permanent improvements thereon, and there is no contention that appellants have been at any time deceived or lulled to sleep, or that they did not know of the various phases of litigation that were being had. Unquestionably, the facts in this case are sufficient to justify the trial court in finding that the appellants knew of the adverse claim made by W. D. Watkins and his wife for a period of more than 10 years prior to the institution of this suit.

With reference to the purchasers of the property from W. D. Watkins and wife, each of them purchased the land by warranty deed and have been in actual, open, notorious possession thereof for more than 10 years prior to the filing of this suit, and their title by limitation, as against the appellants, cannot be seriously controverted.

[3, 4] If it could be said that limitation would not begin to run against Mrs. W. D. Watkins until the death of V. A. Floyd, still we believe that the defense of stale demand is a bar to the right of appellants to recover. When it becomes necessary to, and one cotenant does, purchase the joint property in order to protect and preserve same, it is incumbent upon the cotenants to, within a reasonable time, offer to make contribution, and a lapse of 20 or more years in time before an offer of contribution is made could not, we think, be held to be a reasonable time in which to make said offer. Northfleet v. McCall, 80 Tex. 236, 15 S. W. 785; Francis v. Million, (Ky.) 80 S. W. 486; Stamps v. Frost, 179 Ky. 418, 200 S. W. 609; Starkweather v. Jenner, 216 U. S. 524, 30 S. Ct. 382, 54 L. Ed. 602, 17 Ann. Cas. 1167; Walet v. Haskins, 68 Tex. 418, 4 S. W. 596, 2 Am. St. Rep. 501; Bateman v. Ward (Tex. Civ. App.) 93 S. W. 508; Brown v. Guthrie, 27 Tex. 610; Twin-Lick Oil Co. v. Marbury, 91 U. S. 587, 23 L. Ed. 328.

[5] Where a cotenant, in order to protect his interest in the property, purchases same under an execution sale, where no undue or unfair advantage is taken of his co-owners, he obtains the entire title and is not under any obligation to convey any part thereof to his cotenants. Starkweather v. Jenner, supra; Bowen v. Brogan, 119 Mich. 218, 77 N. W. 942, 75 Am. St. Rep. 387; Magruder v. Johnston (Tex. Civ. App.) 233 S. W. 665; Evans v. Carter (Tex. Civ. App.) 176 S. W. 749. The Supreme Court of the United States, in Starkweather v. Jenner, supra, stated:

"It is plain that the principle which turns a cotenant into a trustee who buys for himself a hostile outstanding title can have no proper application to a public sale of the common property, either under legal process or a power in a trust deed. In such a situation, the sale not being in anywise the result of collusion nor subject to the control of such a bidder, he is as free, all deceit and fraud out of the way, as any one of the general public. Even a trustee has been held competent to purchase the trust property at a judicial sale which he has no interest in, nor any part in bringing about, and which sale he in no way controls."

There is no contention that W. D. Watkins in any way took advantage of any of the appellants in purchasing the property at sheriff's sale. In the suit filed by C. J. Watkins, in 1908, he claimed W. D. Watkins agreed to purchase the land for his, C. J. Watkins', benefit. This was determined against C. J. Watkins.

[6] As a general rule, the probate court has exclusive control over sales of property belonging to estates being administered in the

probate court. ' There are, however, exceptions to the rule. Lauraine v. Ashe, 109 Tex. 69, 191 S. W. 563, 196 S. W. 501; Lauraine v. Masterson (Tex. Civ. App.) 193 S. W. 708 (writ refused); Stewart v. Webb (Tex. Civ. App.) 156 S. W. 537.

[7] The suit in the district court of McLennan county was against V. A. Floyd in his individual capacity and against the heirs and beneficiaries under the will of Mrs. Floyd to foreclose a lien. The district court unquestionably had jurisdiction to establish the debt, since the probate court could not have established same against V. A. Floyd. All the parties appellant in this cause were parties defendant in said cause, and none of them appealed from said judgment, and in the collateral proceeding of Floyd against Watkins, 34 Tex. Civ. App. 3, 79 S. W. 612, it was held that the sale by the sheriff under said judgment conveyed the title to W. D. Watkins.

We have examined all of appellants' assignments of error and do not think any of them show reversible error.

The judgment of the trial court is affirmed.