## RAMSEY v. ABILENE BUILDING & LOAN ASS'N et al.

### No. 1078.

Court of Civil Appeals of Texas. Eastland.
Feb. 24, 1933.

York & Camp, of Abilene, for appellant.

Davidson, Doss & McMahon, of Abilene, for appellees.

FUNDERBURK, Justice.

The Abilene Building & Loan Association recovered judgment against H. H. Ramsey and others upon a note for a balance of $627.82, with interest and attorney's fees, and for foreclosure of a deed of trust lien securing same. H. H. Ramsey, one of the defendants, impleaded Mrs. Edna E. Alexander, a widow, and by cross-action against her sought recovery for the same amount he should be adjudged to pay said building and loan association. For cause of action, Ramsey alleged, in substance, that on or about January 15, 1926, a conveyance of certain described land was made by M. A. Youngblood and wife to Dr. S. M. Alexander, the deceased husband of said Mrs. Edna E. Alexander, for a total consideration of $6,400; as a part of said consideration, a cash payment of $2,497.50 was recited and acknowledged; that of said sum only a part was actually paid in cash, and the remainder in the sum of $1,595.86 was provided to be paid by Alexander by assuming a like sum then due by Youngblood to Abilene Building & Loan Association (the same debt herein sued upon by the plaintiff); the agreement being as follows:

"1,595.86 Note No. 1 "Abilene, Texas, January 15, 1926.

"Payable as hereinafter set forth, I hereby promise to pay to the order of M. A. Youngblood and wife, Mrs. Dora May Youngblood, the sum of Fifteen Hundred Ninety-Five and 86/100 ($1,595.86) Dollars, the principal payable in monthly installments of Thirty-one and 66/100 ($31.66) Dollars each, the first installment to become due and payable on or before the 1st day of each succeeding month thereafter until the whole principal sum is paid.

It is understood and agreed, however, that S. M. Alexander, the maker hereof, has

agreed to assume the payment of a balance of Fifteen Hundred Ninety-Five and 86/100 ($1,595.86) Dollars payable in monthly installments of Thirty-one and 66/100 ($31.66) Dollars each, due by the payees herein to Abilene Building & Loan Association, which sum is secured by a lien on Lots Nos. One (1) and Two (2) Block No. Five (5) Lakeside Addition to the City of Abilene, Taylor County, Texas, and this note shall become due and payable as hereinabove set forth only in the event that the said S. M. Alexander shall fail or refuse to make the payments due to said Abilene Building & Loan Association on the indebtedness hereinabove described, and in the event of such failure all the payments which said Alexander may fail to make to said association shall bear interest from their maturity at the rate of eight per cent per annum, payable monthly, but in the event the said Alexander shall promptly meet said payments to said association as same shall become due and payable according to the terms of the note and deed of trust describing the same, then and in that event this note shall be null and void.

"It is further understood that this note is non-negotiable in any event.

"It is understood and agreed that the failure of the said Alexander to promptly meet said installments to said association as above set forth shall at the election of the holders of this note mature this note and it shall at once become due and payable. And it is further especially agreed that if this note is placed in the hands of attorneys for collection, or if collected by suit or through the probate or bankruptcy courts I agree to pay 10 per cent additional on the principal and interest then due hereon as attorney's fees.
"[Signed] S. M. Alexander."

On reverse appears:
"May 4th, 1926.
"For value received we hereby sell, transfer and convey the within obligation to H. H. Ramsey.
"[Signed] M. A. Youngblood
"Dora May Youngblood."

It was alleged that the balance claimed by the plaintiff was the same as the balance due upon the said obligation of S. M. Alexander; that Alexander was dead; that on February 22, 1927, prior to his death, he had conveyed all his property to his said wife without consideration other than "love and affection"; that he died insolvent by reason of said conveyance and transfer of all his property to his wife; that "no administration can therefore be had and none is necessary because he left no property to administer." Ramsey, by assumption, had become obligated to pay the debt of the building and loan association, and succeeded by transfer to the rights of Youngblood and wife under the above obligation. It was alleged that the conveyance of property from Alexander to his wife was fraudulent as to said Ramsey. He sought to have same so declared and to have judgment against Mrs. Alexander for the same amount recovered against him by the building and loan association.

The court, upon a nonjury trial, gave judgment in favor of Abilene Building & Loan Association against Ramsey and others upon the note, with foreclosure of the lien, and as to that action of the court no complaint is made. Upon said cross-action of Ramsey against Mrs. Alexander, the court adjudged that Ramsey take nothing. The trial judge filed conclusions of fact and law. Ramsey has appealed.

■ Appellant contends that the instrument above set out in full is a bond; that the obligation it imposed upon Dr. S. M. Alexander was to pay the balance then due on the note originally for $2,000 given by Youngblood and wife to the Abilene Building & Loan Association, and that, since the court found such balance due to be $660.72, the appellant was entitled to judgment establishing the same amount as a debt against the estate of Dr. S. M. Alexander and to have the property in the hands of Mrs. Alexander subjected to the payment thereof, and that the court erred in finding to the contrary. On the other hand, it seems to have been the view of appellee and of the trial court, as reflected in the conclusions of fact and law, that Dr. Alexander's obligation was to pay the sum specified in the said note or bond set out above by paying each installment as provided therein, and that, same having been done, his entire obligation was thereby discharged. We have reached the conclusion that the written instrument in question is a bond and not a note. The obligation it imposed was to pay the balance due on the note held by the Abilene Building & Loan Association, which was originally the obligation of Youngblood, but later, by assumption, also the obligation of Ramsey. The bond of Dr. Alexander was therefore not discharged by payment of the penal sum specified in the bond unless the amount of such payment was at the same time sufficient to discharge the note of the building and loan association. The payments made by Dr. Alexander (and his wife after his death) should properly have been credited, not upon the bond, but upon the note of the building and loan association. It is true the bond makes no express mention of an obligation to pay interest. It is this omission which calls for construction of the instrument to ascertain the intent of the parties. It must be borne in mind that this bond was given in lieu of the payment of the same amount in cash, as a part of the consideration for the conveyance of land by Youngblood and wife to Dr. Alexander. It is clear from the record

that the principal sum of $1,595.86 was the balance of the principal then due on the note of the building and loan association. Had Dr. Alexander paid the $1,595.86 then in cash, Youngblood could have discharged his obligation to the loan association. Why should he accept in lieu of the cash an obligation to pay the same amount in the future in installments unless it was intended that Dr. Alexander should pay the subsequently accruing interest? This circumstance, we think, is proper to be considered, in construing the instrument, to ascertain the intent of the parties. It lends definiteness and certainty to the meaning of the condition in the bond that the same should become null and void, if "the said Alexander shall promptly meet said payments to said association as same shall become due and payable, *according to the terms of the note and the deed of trust describing the same.*" (Italics ours.) When the terms of the said note and deed of trust are looked to to ascertain the extent of the undertaking which the bond secured, it is very clear, we think, that same includes the payment of interest.

From these conclusions it results that in our opinion appellant was entitled to judgment against Mrs. Alexander, provided, of course, the court had jurisdiction and the property which appellee received from her husband was sufficient in amount and liable to be subjected to the payment of the said debt.

■ Although the trial court rendered judgment against appellant and in favor of appellee Mrs. Alexander, one of the trial judge's conclusions of law was that the court was without jurisdiction. Of course, the only proper judgment upon such a conclusion would have been one dismissing the cross-action. However, since the court also made findings on the issues involving the merits and which necessarily presupposed jurisdiction, we think we may properly disregard the finding of the want of jurisdiction, provided we reach the conclusion that the court did have jurisdiction. We come now to a consideration of that question.

■■ As we interpret the cross-action, appellant sought judgment against appellee, not as an heir or devisee of her husband, but as the grantee in a conveyance made in fraud of Dr. Alexander's creditors, of which appellant was one. Of such action, regardless. of the pendency of administration in the probate court, the district court had jurisdiction. In Willis v. Smith, 65 Tex. 658, it was held that the representative of an estate has no interest in property sold by the decedent in fraud of creditors, and that hence, in a creditor's suit to subject such property to his debt, the representative is not a proper party. In the same case a distinction is pointed out where the purpose of the action is to subject to the creditor's debt property descended to his heirs. If the representative of the estate had no interest, then it follows that the probate court would have no jurisdiction. In Cannon v. McDaniel, 46 Tex. 303, the jurisdiction of the district court of such an action had been recognized, and in that case, the property being much greater than the debt, it was deemed that the representative of the estate was a proper party, in order to have the excess adjudged to him. The point is that the district court, where the amount involved is sufficient, has jurisdiction of such an action, rather than the probate court. "The general rule is that, when a debtor dies, creditors must enforce their claims in the probate court, and cannot, within the time allowed by law for the issuance of letters of administration, maintain an action against the heirs or devisees." Floyd v. Watkins, 34 Tex. Civ. App. 3, 79 S. W. 612, 614. But this rule is subject to exceptions. One well-recognized exception is where there is no administration pending and there exists no necessity for same. Patterson v. Allen, 50 Tex. 23; Solomon v. Skinner, 82 Tex. 345, 18 S. W. 698; Floyd v. Watkins, supra. Another is where equities are required to be adjusted. Lauraine v. Ashe, 109 Tex. 69, 191 S. W. 563, 196 S. W. 501. But the instant case is believed to be entirely without the rule or any of its exceptions, since, in effect, as already said, the action is not against heirs or devisees, but against the grantee in a conveyance claimed to have been in fraud of appellant as a creditor of Dr. Alexander. Of such an action the probate court was without jurisdiction. We therefore hold that the court below did have jurisdiction of the cross-action.

The trial court filed conclusions of fact, which, if supported by sufficient evidence, warranted his conclusion of law to the effect that the conveyance in question from Dr. S. M. Alexander to appellee was not in fraud of creditors. These conclusions of fact and law, if properly supported, would, regardless of the correctness or not of others, support the judgment rendered.

Appellant's second assignment of error and third proposition in support thereof present the question of the sufficiency of the evidence to support the finding that Dr. Alexander, at the time of his death, was solvent, and that at said time he owned personal property in Texas in value far in excess of all of his debts. The eighth assignment of error, in connection with the second proposition, seeks to present the contention that the undisputed evidence showed that there was no consideration given for the conveyance in question, and hence same was voluntary. To sustain one or the other of these contentions, without sustaining both, would not affect the correctness of the trial court's judgment.

■ We will take up the question of consideration first. By the terms of the statute, the consideration necessary is one "deemed valuable in law." R. S. 1925, art. 3997. An expressed consideration "of love and affection" is not one "deemed valuable in law." 20 Tex. Jur. p. 415, § 56. Neither is one for a merely nominal consideration. Id. § 57; Goolsby ·v. Manning (Tex. Civ. App.) 270 S. W. 936; Hartman v. Hartman (Tex. Civ. App.) 32 S.W.(2d) 233. The consideration recited in the deed in question is $10 and love and affection. There was no evidence showing any other consideration. Mrs. Alexander testified she paid $10 to an attorney. This does not even show that the $10 was paid as a consideration for the deed. The deed in question conveyed four different tracts of land; one of them being 160 acres of land in Taylor county. If there was any consideration other than "love and affection," it was merely nominal. We have concluded that the undisputed evidence showed that the deed was voluntary.

■■ The deed being voluntary, the burden was upon appellee Mrs. Alexander, to show the existence of other property sufficient to pay all the debts. The deed in question did not become effective and was not intended to become effective until the death of the grantor. The time of his death was therefore the time of the transaction about which the inquiry must be directed. The rule is: "In order for a voluntary conveyance to be valid, the debtor must retain property of which he has an open and visible ownership —of such value that, when subjected to forced sale, it will yield a sufficient sum to pay all the existing debts, as well as the taxable costs of their collection." 20 Tex. Jur. p. 418, § 61. The testimony of appellee showed that, other than the property described in the deed in question, about all the property Dr. Alexander owned was some notes, accounts, and household goods. She further testified that, besides the debt, if any, owing to the appellant, Dr. Alexander owed about $2,700. There was no testimony as to the value of the personal property. She testified that about $1,200 had been collected upon the notes and accounts. This testimony, we think, when tested by the rule stated above, is insufficient to show as the statute requires, that, besides the property described in the deed, Dr. Alexander, at the time of his death, "was then possessed of property within this state subject to execution sufficient to pay his existing debts." But, whether so or not, we think the undisputed evidence shows that all of his property was conveyed to appellee. In the letter of instructions to C. W. Gill, with reference to the delivery of the deed to appellee ·at the grantor's death, he said: "It is my sincere desire and purpose that she have *all my property*, particularly as described in this deed, and I execute and deliver it to you as above to the end that my wishes may be fully carried out." In appellee's pleading resisting an action to probate the will of Dr. Alexander, she alleged that the will had been revoked; that at any rate there was no necessity for probating same, as all the property that could come to her under the will "has long since been duly and legally transferred to this defendant *by proper instruments in writing.*" She contended in said pleading·that there was no necessity for administration. Although Mrs. Alexander was a witness, she did not attempt to explain or impair the force of these declarations. Being with reference to a matter as to which the burden of proof was upon her, we cannot escape the conclusions that the undisputed evidence shows that not only the real estate, but all the personal property, was transferred to appellee.

The evidence is meager concerning the value of the property transferred, but sufficient, we think, to clearly show that it amounted to more than appellant's claim.

It is therefore our opinion that the judgment of the court below should be affirmed as to the appellee Abilene Building & Loan Association, but as to the subject of the cross-action the same should be reversed and here rendered in favor of the appellant, H. H. Ramsey, as prayed for, all of which is accordingly so ordered.