**ADAMS et al. v. THOMPSON. et al.**

No. 4957.

Court of Civil Appeals of Texas. Texarkana.

June 25, 1936.

Rehearing Denied July 2, 1936.

Sewell, Taylor, Morris & Garwood, of Houston, and Thompson & Barwise, C. L. Morgan, and Luther Hudson, all of Fort Worth, for appellants.

Brachfield & Wolfe, of Henderson, and Warren & Warren and Pollard & Lawrence, all of Tyler, for appellees.

JOHNSON, Chief Justice.

This suit was filed by appellees, heirs of George Thompson, deceased, and wife, Rhoda Thompson, deceased, in trespass to try title to sixty acres of land in Rusk county, against Beatrice Hale, surviving wife of Joel N. Hale, deceased, and a long list of other defendants.

Defendants pleaded not guilty and the five years' statute of limitation. Plaintiffs filed an affidavit of forgery as to a deed dated October 1, 1925, from Jesse Thompson and wife, Jessie V. Thompson, to Joel N. Hale, through and under whom defendants claim title.

Trial to the court without a jury resulted in judgment for plaintiffs, from which judgment some of the defendants have appealed. Pending the appeal and on an agreed motion, the appeal has been dismissed as to all the appellants except W. H. Roeser, Inc., George B. McCamey, and Ned B. Morris, Jr. Said three appellants claim mineral interests under conveyance from Joel N. Hale, now deceased. .

No findings of fact and conclusions of law were requested and none were filed by the trial judge.

George and Rhoda Thompson (colored), both of whom died about the year 1913, admittedly owned the land at the time of their death. Appellees are the heirs of George and Rhoda Thompson. In 1923, Joel N. Hale rented the land through Captain Bill Miller, who "attended to the estate for the darkies." By deed dated October 1, 1925, Jesse Thompson and wife, Jessie V. Thompson, conveyed the land to Joel N. Hale. The deed was recorded November 10, 1925 (this is the deed alleged to be a forgery). By deed dated November 21, 1925, and recorded same day, Joel N. Hale conveyed the land to his son, J. B. Hale. By deed dated July 2, 1928, recorded July 9, 1928, J. B. Hale conveyed the land back to his father, Joel N. Hale. September 19, 1930, Joel N. Hale and wife conveyed to W. H. Roeser, Inc., a one-fourth undivided mineral interest in the land, recorded October 10, 1930. On September 22, 1930, Joel N. Hale and wife conveyed to George B. McCamey a one-fourth undivided mineral interest in the land, recorded September 30, 1930. On October 3, 1930, W. H. Roeser, Inc., assigned to Ned B. Morris, Jr., a one-eighth undivided mineral interest in the land, recorded October 11, 1930. Joel N. Hale died June 1, 1931. This suit was filed December 31, 1932.

It is contended that the evidence is insufficient' to warrant a finding that the deed from Jesse Thompson and wife, Jessie V. Thompson, to Joel N. Hale was a forgery. The deed recites: "That I, Jesse Thompson of Nowata, Oklahoma, joined herein by my wife, Jessie V. Thompson, and only surviving descendant of Georgia Thompson, deceased, and his wife, Roda Thompson, Deceased. * * *"

One of the three sons of George and Rhoda Thompson was named Jesse, and he lived near the town of Nowata, Okl., but

he did not execute the deed to Joel N. Hale. The Jesse Thompson who signed the deed testified that his father's name was Dan Thompson and that his mother's name was Eliza Thompson, and that they were both living. He knew that he did not own any land in Texas, and that he was not related to George and Rhoda Thompson. His excuse for having signed the deed was that he thought he was conveying land he owned in Craig county, Okl. We think the evidence is amply sufficient to support the finding that the deed was a forgery. Holland v. Blanchard (Tex.Civ.App.) 262 S.W. 97.

The next question presented is: Can appellants disregard the forged deed from Jesse Thompson and wife, Jessie V. Thompson, to Joel N. Hale, and confine their defense to the five years' statute of limitation under the deeds from Joel N. Hale to J. B. Hale and from J. B. Hale to Joel N. Hale? Article 5509, R.S.1925, reads: "Five years possession.—Every suit to recover real estate as against a person having peaceable and adverse possession thereof, cultivating, using or enjoying the same, and paying taxes thereon, if any, and claiming under a deed or deeds duly registered, shall be instituted within five years next after cause of action shall have accrued, and not afterward. This article shall not apply to one in possession of land, who deraigns title through a forged deed. And no one claiming under a forged deed, or deed executed under a forged power of attorney shall be allowed the benefits of this article."

In the case of Olsen v. Grelle (Tex.Com. App.) 228 S.W. 927, it was held that one deraigning title through a forged deed, although the forged deed was prior to and not within the five years period, could not claim the benefits of the five years' statute of limitation. That decision was rendered March 16, 1921. At that time the statute (Rev.St.1911, art. 5674) read as follows: "Every suit to be instituted to recover real estate as against any person having peaceable and adverse possession thereof, cultivating, using or enjoying the same and paying taxes thereon, if any, and claiming under a deed or deeds duly registered, shall be instituted within five years next after the cause of action shall have accrued, and not afterward; provided, that this article shall not apply to any one in possession of land, *who in the absence of this article would* deraign title through a forged deed;

provided, further, that no one claiming under a forged deed, or deed executed under a forged power of attorney shall be allowed the benefits of this article." (Italics ours.)

It is the contention of appellants that the 1925 revision, by striking the words "who in the absence of this article would," restricted the proviso to one relying upon a forged deed to complete the requirements of the five-year period, and that it does not apply to one who deraigns title through a forged deed if he has shown compliance with the requirements of the five-year period under a deed or deeds executed and recorded in the chain of title subsequent to the forged deed. The language of the proviso as it now reads is too plain and broad to warrant the construction limiting its application as contended by appellants. We think the forged deed from Jesse Thompson and wife, Jessie V. Thompson, to Joel N. Hale bars appellants from claiming the benefits of the five years' statute of limitation.

The judgment of the trial court is affirmed.