### ROBERT MAYES v. JOHN MANNING ET AL.

#### No. 2645.

**1. Trespass to Try Title.**—In trespass to try title when the petition does not set forth specifically the title but alleges in general terms title to the property, the plaintiff may show its existence through a resulting trust.

2. **Same—Practice—Evidence.**—Under the plea of "not guilty" a defendant in trespass to try title is entitled, without specially pleading it, to whatever benefit may result from the staleness of the demand for an enforcement by plaintiff of a resulting trust.

3. **Limitation—Tenant in Common.**—If a tenant in common in possession sets up claim for a greater interest than he owns and excludes his cotenant, his holding being adverse may mature into title by limitation. The cotenant may protect himself before limitation matures by suing to establish his right and to be let into possession, or for partition.

APPEAL from Freestone.    Tried below before Hon. Sam. R. Frost. The opinion states the case.

*George A. Bell* and *Anderson & Gardner,* for appellant.—T. G. Mayes, being the trustee, although of a resulting or constructive trust, could not admit the trust as to part of it and repudiate it as to a part, and set up and maintain title adverse to the title of the *cestui que trust* so as to bar his right of recovery when that part so repudiated was 200 acres, embracing the homestead of the trustee, for the recovery of and possession of which the appellant had no legal right of action.    Perry on Trusts, sec. 433, p. 539; Story's Eq. Jur., sec. 1273e, p. 588; Grumbles v. Grumbles, 17 Texas, 472; Alexander v. Kennedy, 19 Texas, 488; Neyland v. Bender, 69 Texas, 712.

T. G. Mayes, trustee, was entitled to a life estate in one-third of the land sued for, and a homestead interest in 200 acres also, and appellant had no right of action until after his father's death in the year 1886, and the possession of the trustee was that of the *cestui que trust*.    Rev. Stats., arts. 1546, 2006, 2009.

*Kirven, Gardner & Etheridge,* for appellees.—Under a petition in usual form in trespass to try title, proof to show legal title in defendants and to engraft by parol a resulting trust thereupon is inadmissible.    Leakey v. Gunter, 25 Texas, 400.

When for more than five years prior to suit by *cestui que trust* the trustee of a resulting trust had repudiated the trust, and the *cestui que trust* had during such time knowledge of such repudiation, a suit by him to engraft such trust would be barred by limitation.    Neyland v. Bender, 69 Texas, 712.

Where the holder of the legal title of 400 arces of land is in possession thereof, and in whom is vested a homestead interest in 200 acres and a life estate of one-third in the other 200 acres, and who holds such 400 acres in trust for another and repudiates such trust, the *cestui que trust* has then and there a right of suit to establish the trust and for partition in accordance with the respective interests of himself and trustee.

HENRY, ASSOCIATE JUSTICE.—This is an action of trespass to try

title commenced on ᴊne 6th day of June, 1887, by appellant against his father's administrator, widow, and children by her, to recover four hundred acres of land.

Defendants answered by plea of not guilty and ten years statute of limitation.

The case was tried without a jury and judgment rendered in favor of plaintiff for one half and for the defendants for the other half of the land.

The record contains the judge's conclusions of fact, from which it appears—

T. G. Mayes and Catherine G. Boyd were married in Alabama in 1842, and that plaintiff, the only child of the marriage, was born in 1846.

Plaintiff's father and mother moved to Texas in 1852, and in 1853 settled on the land in controversy.

In 1853 T. G. Mayes, the father of plaintiff, purchased the land, paying for it with money then advanced his wife by her father and taking the deed for it in his own name.   The wife Catherine Mayes died shortly after in 1853.

T. G. Mayes married again in 1854, and continuously resided on the land until his death in 1886.

Plaintiff knew how the land was purchased and paid for as early as 1874, and in that year was threatening to sue his father for it.

T. G. Mayes always admitted his son's title to half of the land, but openly and positively denied his having any interest in the other half, always up to the time of his death asserting his own title to the other half.

The residence of T. G. Mayes and about thirty-five acres of cultivated land were on the land in controversy.   The remainder of his homestead was on a different tract owned by him.   Plaintiff at no time claimed less than the whole of the 400 acres, and declared to T. G. Mayes and others that he would not institute suit for the land during the lifetime of his father.   T. G. Mayes sold sixty acres of the tract with the consent of his son (plaintiff).

The trial judge's conclusions of law upon said facts were:

1.   That the legal title was in T. G. Mayes and a resulting trust in his first wife, which vested at her death in plaintiff.

2.   That the statute of limitations began to run against plaintiff as to half of the land from the time he reached his majority and had barred him before he instituted this suit.

Appellant's assignments of error are substantially:

1.   The court erred in its conclusions of fact as to the time when T. G. Mayes first repudiated the trust, as well as to the time when plaintiff first had knowledge of it.

2.   That the court erred in concluding that plaintiff was barred of his right to recover half of the land by limitation.

While the evidence is neither full nor explicit on the point we think it fairly conduces to establish the conclusion of the judge as to the dates of the repudiation of the trust and of plaintiff's knowledge thereof. The evidence is of the same character and more satisfactory than that by which plaintiff establishes the fact that there was a resulting trust at all.

If there is an objection to the conclusions of facts upon the vital issues of the case we think it is that they are more favorable to plaintiff than the evidence justifies.

Plaintiff stated his title in his pleadings only in general terms, not specifying in any manner how it was derived. On the trial he was correctly permitted to prove facts constituting a resulting trust in his favor amounting substantially to the equitable title. The defendants' plea of the ten years statute of limitation was applicable both to the case made by the plaintiff's pleadings and his evidence.

We think, too, that plaintiff having alleged title and established it by proof of a resulting trust, defendants were properly entitled to the application of the doctrine of stale demand under their plea of not guilty.

It is contended that the father of plaintiff having a right under the law to the possession of the homestead and, in addition to that, a one-third interest in the remainder of the tract, his possession, in connection with his declarations of ownership and intention to hold more, did not have the effect to put in motion the statute of limitations against the plaintiff. Admitting that limitation will not begin to run against a party whose property is held by another until he has a right of action against the party holding it to establish his right, it still must be granted in this case that the defense is applicable, because plaintiff had such cause of action against his father for title and possession for more than ten years before he began this suit. Except for the thirty-five acres held as part of the homestead he had all the time during his father's life the same right to sue that he had after his death and that he had when he instituted this suit. His father was entitled to hold as tenant in common with him a one-third interest in the entire tract, and being in possession as a tenant in common and by virtue of his homestead rights he could not acquire an adverse interest in the land by mere possession. But the doctrine is well established that if one tenant in common in addition to his possession sets up a claim for a greater interest than he owns and excludes his cotenant, his holding becomes adverse and may mature into title by limitation. In such case the cotenant has a right of action, either to establish title and be let into possession with his cotenant or to have partition.

In this case the father being entitled to only a one-third interest for life asserted title to half in fee. Plaintiff could undoubtedly have maintained at any time a suit against him for title and partition or possession, in which the judgment could have been so framed as to give him relief and at the same time protect his father in the enjoyment of the home-

stead and his life estate.   But independently of the statute of limitation we believe the doctrine of stale demand ought to apply in this case.

. The plaintiff's case, whatever form it takes, is substantially the assertion of a resulting trust.   Whether such a trust exists in his favor or not depends upon whether in point of fact it was his mother's money that paid for the land.   His father while living would have been an important witness as to whether or not that fact existed.   The suit was delayed to await his death, and then brought against his widow and children.   The father's version of the transaction could not then be given by him.   His declarations were introduced in evidence without objection.   Treating them as admissible and sufficient to establish plaintiff's equitable title as far as they go, we do not think they should be given an effect beyond that and held to establish a claim that was always disputed by him.

We affirm the judgment.

*Affirmed.*

Delivered February 15, 1889.