ROBLES v. ROBLES.

(Court of Civil Appeals of Texas. Austin. Jan. 22, 1913. Rehearing Denied March 5, 1913.)

TENANCY IN COMMON (§ 15*)—ADVERSE POSSESSION.

The execution of a deed by a tenant in common and its recording by the grantee who took open and adverse possession thereunder, and paid the taxes, was notice to the other cotenant of the assertion of an adverse claim.

[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. §§ 42–52; Dec. Dig. § 15.*]

Appeal from District Court, Tom Green County; J. W. Timmins, Judge.

Action by Terese Robles against Cesaria Robles. From a judgment for defendant, plaintiff appeals. Affirmed.

C. E. Dubois and Thomas & McCarty, all of San Angelo, for appellant.

RICE, J. Appellant brought this suit in trespass to try title on June 1, 1910, against appellee, for title and possession of lot No. 2, block 19, of Millspaugh's addition to the town of San Angelo.

In addition to her plea of not guilty, defendant relied upon the statutes of three, five, and ten years limitation, and also pleaded stale demand. There was a trial before the court without a jury, resulting in a judgment against appellant on the plea of limitation, from which this appeal is prosecuted.

This controversy is between appellant, the divorced wife, and appellee, the surviving wife, of Toribio Robles; and the sole question presented for our consideration is whether or not the plea of limitation urged by appellee was properly sustained. It was agreed that J. L. Millspaugh was the common source of title, he on the 11th day of December, 1886, having conveyed the lot in controversy to said Toribio Robles, through whom both parties claim, at which time the latter and appellant were husband and wife, but thereafter, on the 19th of January, 1889, she was divorced from him, whereupon, on the 20th of October, 1889, he was lawfully married to appellee, with whom he lived until about the 2d of June, 1899, when he died, and prior to his death he conveyed the lot in controversy, by general warranty deed, to his said wife, Cesaria, which deed was on the same date duly recorded in the deed records of Tom Green county, Tex., and the defendant on said date was in possession of said premises, and has since continuously occupied and held exclusive, adverse, and peaceable possession of the same, paying all taxes due thereon for more than 10 years prior to the institution of this suit. The court held, by reason of all of said facts, that plaintiff was barred by limitation, and rendered judgment against her in accordance therewith.

This holding is assigned as error on the part of appellant. It is true that at the time of the execution of said deed from Toribio to appellee he and appellant were tenants in common; but the record of said deed, and the claim of title and the adverse possession thereunder by appellee, was notice to appellant that appellee was asserting an adverse claim to said lot. See Carr v. Alexander, 149 S. W. 218, where it is held that a recorded deed to a portion of a tract of land, together with the grantor's continued possession of the remainder of the tract, was notice to a cotenant of the grantors that they were asserting adverse claim to the entire tract, and made their possession open, notorious, and adverse as to the cotenant. It was also held in Yealock v. Yealock, 141 S. W. 842, that where a tenant in common holds peaceable, adverse, and exclusive possession, cultivating, enjoying, and claiming to be the sole owner of land for at least 10 years prior to the institution of suit, title is thereby acquired against his cotenant.

Here the entire title was conveyed by Toribio to appellee, who, being in possession, at once placed the deed upon record, claiming the land, and paying taxes thereon for 10 years prior to the institution of this suit. This being true, it was sufficient notice of appellee's adverse possession. In Parsons v. Sharpe (Ark.) 145 S. W. 538, it is said: "The rule sustained by the overwhelming weight of authority with reference to conveyances by one or more cotenants to a stranger, and the character of possession taken thereunder, is correctly stated as follows: 'A conveyance by one cotenant of the entire estate gives color of title, and, if possession is taken and the grantee claims title to the whole, it amounts to an ouster of the cotenants, and the possession of the grantee is adverse to them' "—citing 1 Am. & Eng. Ency. Law (2d Ed.) p. 806, and numerous authorities there cited. See, also, Brown v. Bocquin, 57 Ark. 97, 20 S. W. 813.

We think the findings of the trial court should be sustained, and its judgment is therefore affirmed.

Affirmed.