TINSLEY et al. v. MAYS et al.   (No. 8299.)

(Court of Civil Appeals of Texas. Galveston. March 29, 1923.)

1. Trespass to try title ⬤➡44—Evidence held sufficient to warrant directing verdict : for plaintiffs.

In an action of trespass to try title, evidence of adverse possession of plaintiffs under recorded deeds *held* sufficient to warrant the direction of a verdict for plaintiffs.

2. Partition ⬤➡8—Conveyance of part of land, in which each had half interest, reserving part to wife, gave her title to land reserved.

Where a husband and wife each owned an undivided half interest in land, and for the purpose of dividing the land they joined in conveying part of the land to their son by a deed which reserved to the wife "200 acres embracing the homestead and improvements thereon making 'grantee's' interest 253 acres of land undivided," the intent was shown that only the interest of the husband was to be conveyed, and the interest of the wife was reserved to her, and, in trespass to try title by her successors in interest against the heirs of the wife and her husband, plaintiffs were entitled to an instructed verdict.

3. Tenancy in common ⬤➡15(4)—45 years' adverse possession by co-tenant held to vest title in possessor.

In an action of trespass to try title by successors in interest of a wife against the heirs of the wife and her husband, where the land in question had been reserved to the wife by a deed by the husband and wife conveying part of a tract, half of which was owned by the husband and half by the wife, even if the grantee of the wife in a conveyance of the land reserved to her took only a half interest in the land, 45 years' adverse possession was sufficient to show repudiation of the cotenancy.

4. Estoppel ⬤➡28 — Descendants of grantor held estopped to assert title to land conveyed for land inherited from grantor by their ancestors.

Where a grantor warranted title to land conveyed in exchange for other land, in an action of trespass to try title by her successors in interest as to the first tract of land against her descendants, whose ancestors had, as heirs, recovered after the grantor's death the land received in exchange, the descendants were estopped to claim any interest in the first tract.

5. Appeal and error ⬤➡1029 — Where, under undisputed evidence, only judgment for plaintiff was proper, errors in procedure were harmless.

In an action of trespass to try title by successors in interest of a grantor against the grantor's heirs, where, under undisputed evidence, no other judgment than one for plaintiffs could have been properly rendered, any error in procedure was harmless.

Appeal from District Court, Brazoria County; S. M. Munson, Judge.

Action by M. L. Mays and others against L. M. Tinsley and others. From judgment for plaintiffs, defendants appeal. Affirmed.

Jones & Roberts, M. Hirsch, and Allen Hannay, all of Houston, J. S. Jackson, of Alvin, and C. D. Jessup, of Angleton, for appellants.

Harry Holmes, of Houston, for appellees.

PLEASANTS, C. J. [1] This is an action of trespass to try title brought by appellees, Mrs. M. L. Mays, Mamie McFarland, joined by her husband, Robert McFarland, and H. L. Tinsley, against the appellants, L. M. Tinsley and a number of other named parties who were heirs of Isaac T. Tinsley and Mary A. Tinsley, deceased, to recover the title and possession of a tract of 200 acres of land on the George Tennille league, in Brazoria county. In addition to the general allegation of title in fee simple plaintiffs pleaded title by limitation of 3, 5, and 10 years. A number of the defendants in the court below filed disclaimers.

"Appellants each filed an answer, consisting of a general demurrer, general denial, and plea of not guilty, and further set up by way of cross-action that plaintiffs and defendants were tenants in common, holding the title to the property jointly as the heirs of their grandfather and grandmother, Isaac T. Tinsley and Mary A. Tinsley, and each asked to recover an undivided interest in the land. Defendants, J. M. Tinsley, Fred Curson, R. P. Tinsley, T. R. Tinsley, Arthur H. Westall, E. L. Westall, and Adele Huey, in addition to their plea of cotenancy, also affirmatively asked that a quitclaim deed theretofore signed by them and delivered to the plaintiffs be set aside and held for naught."

"Plaintiffs filed a supplemental petition in reply to the respective answers and cross-actions of the defendants, containing general denial, plea of not guilty, and special denial of the existence of any cotenancy between plaintiffs and defendants, and alleging that, if any such cotenancy ever existed between plaintiffs and those under whom they held and defendants and those under whom they held, such cotenancy had been repudiated by plaintiffs and those under whom they claimed, and peaceable and adverse possession thereafter held and maintained by plaintiffs and those under whom they claimed, of which defendants and those under whom they claimed had knowledge and notice, actual and constructive, for periods covering the 3, 5, 10, and 25 year statutes of limitation. The case was called for trial on September 12, 1921, and an interlocutory judgment was entered in favor of plaintiffs on the disclaimers of the several defendants, and, the others announcing ready, the case was tried before a jury."

After hearing the evidence the court in-structed the jury to return a verdict in favor of plaintiffs for the land, and upon the return of such verdict judgment was rendered in accordance therewith.

The undisputed evidence adduced upon the trial establishes the following facts:

The land in controversy is a part of a tract of 453 and one-half acres inherited by Isaac T. Tinsley and Mary A. Tinsley from their son, Geo. E. Tinsley, who died in 1869. This 453½ acres was the upper half of a tract of 907 acres which was conveyed to Isaac T. Tinsley by George Tennille on November 3, 1842, and was conveyed by Isaac T. Tinsley to his son, Geo. E. Tinsley, on February 14, 1859, and, upon the death of said Geo. E. Tinsley, title thereto vested in Isaac T. and Mary A. Tinsley, his surviving father and mother. Isaac T. and Mary A. Tinsley lived upon this land at the time of the death of the former. Isaac T. Tinsley, a day or two before his death in March, 1874, and in contemplation of his approaching dissolution, divided all of his property among his children, each of whom received from him a conveyance of land. In making this distribution of his property he and his wife, Mary A. Tinsley, conveyed to their son Samuel P. Tinsley 253½ acres out of the 453½-acre tract before mentioned. This deed contains the following description and recital:

"Being the upper half of a tract of land conveyed by Geo. Tennille to I. T. Tinsley on the third day of November, 1842, for nine hundred and seven acres of land in said county of Brazoria, said upper half being four hundred and fifty-three and one-half acres and now known as the homestead tract of said I. T. Tinsley, and the part of said upper half hereby conveyed to the said Samuel P. Tinsley is all of said tract, except 200 acres embracing the homestead and improvements thereon, which is reserved for Mrs. Mary Tinsley, making said Samuel P. Tinsley's interest by this instrument conveyed two hundred and fifty-three and one-half acres of land undivided."

"After the death of I. T. Tinsley his wife, Mary A. Tinsley, continued to live on the place for two years, and on December 4, 1876, she executed a general warranty deed conveying the same to J. Henderson Tinsley in exchange for 500 acres of land in Ft. Bend county, known as the William Little place. Henderson Tinsley continued to live on the place until his death, and on January 1, 1878, he executed a warranty deed conveying the same to his wife, Mary Louisa Tinsley, who is the present Mrs. M. L. Mays, appellee, and who has continued to live upon the place since that time. In 1886 Samuel P. Tinsley and Mrs. Mays constructed a fence dividing the 200 acres from the Samuel P. Tinsley 253½ acres, and since that time Samuel P. Tinsley and his heirs claimed the land north of this fence, and Mrs. Mays claimed the land

south of this fence, and about two years before the trial of this case Mrs. M. E. Tinsley, the surviving widow of Samuel P. Tinsley, who had settled with the heirs of Samuel P. Tinsley, and was the owner of the Samuel P. Tinsley 253½ acres, had the land surveyed and entered into an agreement with Mrs. Mays establishing the division line between them. At the time of the death of I. T. Tinsley in March, 1874, he left surviving him his wife and seven children, viz. J. M. Tinsley, Samuel P. Tinsley, Caladonia Brady, William E. Tinsley, Charles Tinsley, J. Henderson Tinsley, and Mrs. Annie T. Cross, all of age."

The 500 acres of land received by Mary A. Tinsley from Henderson Tinsley as consideration for the conveyance to him of the 200 acres in controversy was sold after the death of Mary A. Tinsley by her executor. This land was subsequently recovered from the purchaser at such sale by the heirs of Mrs. Tinsley, among whom were the ancestors of appellants, through whom they now claim title to the land in controversy.

The heirs of I. T. Tinsley, other than J. Henderson Tinsley, to whom Mary A. conveyed the land in controversy were J. M. Tinsley, Samuel P. Tinsley, W. E. Tinsley, Charles Tinsley, Caladonia Brady, and Annie Tinsley, who married Westall, and after his death married Cross, and these children are represented in this suit as follows: Lucy Sherman Hunt and husband, W. S. Hunt, Etta Brady Garrow and husband, J. W. Garrow, Mrs. Chaille Beaudry and husband, Geo. H. Beaudry, Harriet Brady, a minor, and Houston Land & Trust Company, guardian of the estate of Harriet Brady, all of whom disclaimed, are the heirs of Caladonia Brady. Geo. I. Tinsley, Sarah F. Perkins and husband, E. B. Perkins, Mrs. M. E. Tinsley, Effie Herrington and husband, C. L. Herrington, all of whom disclaimed, and Grace E. Jackson are the heirs of Samuel P. Tinsley. Grace E. Jackson and husband have abandoned their appeal. She quitclaimed the land to plaintiffs before the filing of the suit, but she answered in the case and is a party to the appeal, but has filed no brief in this court. The heirs of J. M. Tinsley are J. M. Tinsley, R. P. Tinsley, Florence Tinsley Curson, T. R. Tinsley, and Mary Tinsley, wife of George I. Tinsley. Mary Tinsley filed a disclaimer in this suit, and all the other children except Mrs. Curson quitclaimed the property to plaintiffs before the filing of this suit, but all of them except Mary Tinsley answered in the case, and are parties to this appeal. The heirs of W. E. Tinsley are his surviving wife, Mrs. Mamie Tinsley, and L. M. Tinsley, B. H. Tinsley, Christine Tinsley, Dell Tinsley, Mrs. Maggie Tinsley, and Wilma Tinsley, all of whom are parties to this appeal. The heirs of Annie T. Cross are A. H. Westall and E. L. Westall, who are parties to this appeal.

Before the death of Mrs. Cross she quitclaimed the property to plaintiffs, and the defendants A. H. Westall and E. L. Westall alleged in their petition that their mother had executed a quitclaim, and also alleged that they, too, had quitclaimed the property to plaintiffs before the filing of this suit.

The uncontroverted evidence is that J. Henderson Tinsley, and his surviving wife and two children, the appellees herein (plaintiffs below), have been in the actual, continuous, open, and adverse possession of the land in controversy, having the same inclosed, and using it as a home, claiming the same under deeds duly registered conveying them the whole tract of land since the year 1876 up to the time of the trial of this case; that the land has been assessed for taxation by Mrs. M. L. Mays, plaintiff, every year since 1885, up to and including 1919; that she paid the taxes every year; that she exercised ownership over it, and executed oil leases covering same, which were recorded in Brazoria county, Tex.; that the 200 acres was generally known in the community as the "Mays homestead," and called for in deeds executed by some of the defendants and in the S. P. Tinsley probate matters in 1897, and designated as "200 acres off the south side of the 453½-acre tract, and known as the Henderson Tinsley homestead." In addition to these facts showing constructive notice, the shortest period which the defendants themselves testified that they actually and personally knew of the land as the "Mays homestead," and of her claim, use, and occupancy, was approximately 30 years; defendant R. P. Tinsley, 34 years; Grace E. Jackson, 46 years old, as far back as she can remember; J. M. Tinsley, 20 years; Joe Jackson, since 1891; T. R. Tinsley; Florence Curson, 46 years old, known it all her life.

Mrs. Mays has raised two families of children on this place since receiving deed for the same, all of whom were born on the place; the oldest, H. L. Tinsley, 43 years of age, and the youngest, Homer Mays, 29 years old. The record shows that there was no issue made by the evidence as to possession, and it was only a question of law as to whether the 44 years of actual possession, inclosure, recording of deeds, assessment for taxation, payment of taxes, execution and recording of mineral leases covering the same, and the general recognition and reputation in the community and in the Tinsley family, constituted notice to those defendants who did not testify to actual knowledge. It is shown that the ancestors of all the defendants who did not testify had actual knowledge of the conveyance from their mother to Henderson Tinsley, and that Mrs. M. L. Mays, his surviving wife, was claiming the property as her own, and that they recognized that she owned the same.

We agree with the trial court that, upon

this evidence, no other verdict than one in favor of the plaintiffs could have been properly rendered, and the jury was therefore properly instructed to return a verdict for plaintiffs.

[2] Mrs. Mary A. Tinsley, as shown by the undisputed evidence, had title in her separate right to an undivided one-half of the 453½-acre tract of land, her husband, Isaac T. Tinsley, being the owner of the remaining one-half interest. This being the state of the title when Mrs. Tinsley joined her husband in conveying all of said tract except the 200 acres in controversy to Samuel P. Tinsley, and recited in this deed that the 200 acres was reserved to her, no other reasonable construction can be placed upon the deed than that it was the intention of both of them to only convey the interest of Isaac T. Tinsley, and that Mrs. Tinsley's interest was reserved to her, and designated as 200 acres embracing the homestead and improvements. Under this construction of the deed appellees, being holders of Mrs. Tinsley's title, were entitled to an instructed verdict in their favor. This construction of the deed and the exercise by Mrs. Tinsley, her vendee, Henderson Tinsley, and his wife, appellee Mrs. Mays, of acts of ownership of all the property, as evidenced by their deeds of conveyance, payment of taxes, and the execution of leases thereon, was known and acquiesced in by all of the children of Isaac T. Tinsley. Appellants, who are his grandchildren, admit that they have known for 20 years or more that Mrs. Mays was occupying the land, and that it was generally known at the "Mays homestead."

[3] If it could be held that Mrs. Mays only acquired title under Mrs. Tinsley to an undivided one-half of the land, her possession and claim to all of it has been so notorious and uninterrupted for 45 years or more before this suit was brought that reasonable minds cannot differ in the conclusion that appellants and those from whom they inherit must have known that she had long repudiated any right or claim of cotenancy on their part, and was holding adversely to them. This being true, appellees were entitled to an instructed verdict upon their pleas of limitation. Robles v. Robles (Tex. Civ. App.) 154 S. W. 230; Olsen v. Greele (Tex. Civ. App.) 190 S. W. 240; Huling v. Moore (Tex. Civ. App.) 194 S. W. 188.

[4] We are also of opinion that the judgment of the trial court should be affirmed upon the ground that, Mrs. Mary A. Tinsley having warranted the title to the 200-acre tract conveyed by her to Henderson Tinsley, and appellants' ancestors having as her heirs recovered after her death the 500 acres received by her as consideration for such conveyance, appellants are estopped from now asserting any claim to the 200-acre tract.

Corzine's Heirs v. Williams, 85 Tex. 499, 22 S. W. 399; Cope v. Blount (Tex. Civ. App.) 91 S. W. 615; Cleveland v. Smith (Tex. Civ. App.) 156 S. W. 247.

[5] These conclusions render a detailed discussion of appellants' assignments and propositions unnecessary. If any of these propositions point out any error of procedure, such error was harmless, since, as we have before said, under the undisputed evidence no other judgment than one in favor of the plaintiffs could have been properly rendered.

The judgment is affirmed.

Affirmed.