**TEXAS CREOSOTING CO. et al. v. HARTBURG LUMBER CO.** (Motion No. 8376; No. 931—5029.)

Commission of Appeals of Texas, Section B April 24, 1929.

For former opinion, see 12 S.W.(2d) 169.

E. E. Easterling, W. R. Easterling, and Holland & Cousins, all of Beaumont, for plaintiffs in error.

Gordon, Lawhon, Davidson & Sharfstein, of Beaumont, and W. N. Foster, of Conroe, for defendant in error.

SHORT, P. J. The motion for rehearing has been filed by the plaintiffs in error in this case. It challenges the correctness of the original opinion in affirming the judgment of the Court of Civil Appeals, based upon its findings of fact and conclusions of law, that the defendant in error has proven a *legal* title to the land described in its petition, to which the plea of not guilty referred in the several answers of the several plaintiffs in error. It also challenges the correctness of that portion of our original opinion to the effect that the record contains legal evidence *tending* to prove the existence in defendant in error of an equitable title to said land, which might have been considered sufficient by the trial court on which to base a finding of fact that Dyer, as trustee of the estate of Orville McAlvine, deceased, in payment of the purchase money for the land, used funds belonging to said estate, and had H. W. Benton, the common source of title, to execute the deed in the name of C. T. Noble, who afterwards executed a deed conveying the land to Dyer, in pursuance of a scheme by Dyer to defraud the beneficiaries of the trust, which fact, if established, would, in connection with other facts, be sufficient upon which to base the legal conclusion that

defendant in error was the owner of the equitable title to the land involved.

As to the matter first mentioned, the motion presents nothing which has not been carefully considered and sufficiently discussed in the original opinion. As to the other matter, the motion does present a new contention. This contention is that since the petition of the defendant in error, in so far as relates to title, is in the statutory form of trespass to try title, there was no pleading legally sufficient to permit the trial judge, trying the case without a jury, to consider any testimony introduced except that which supports the claim of the defendant in error that it was the owner of the *legal* title to the land involved. It is due the plaintiffs in error that this new contention be discussed by us.

The issue raised by the pleadings we have mentioned, under the testimony, is one of fee-simple *title*. There are two kinds of fee-simple title to real estate, legal and equitable. A legal title, under the pleadings we have mentioned, can, generally speaking, only be proven by valid written instruments. An equitable title may be proven by parol evidence legally sufficient to establish lawful ownership in the person asserting such ownership, under the facts of a given case, where the pleadings present an issue of *title* only, provided the evidence connects the claimant with the legal source of the title, as in this case with H. W. Benton, the agreed common source.

The allegation in the petition that the plaintiff was "seized and possessed" of the land "owning and holding it by fee-simple title" was broad enough to permit the trial judge, trying the case without a jury, to consider any competent testimony which, in his opinion, tended to establish the truth of this allegation. The phrase "fee-simple title" includes either or both, a legal title and an equitable one. It is the duty of the Court of Civil Appeals to sustain the judgment of the trial court upon any principle of law which is supported by sufficient legal evidence. This duty the Court of Civil Appeals, as we have held in our original opinion, discharged by affirming the judgment rendered by the trial court. It is likewise the duty of the Supreme Court to affirm the judgment of the Court of Civil Appeals, when the conclusion reached by that court is a correct one, even though the reasons upon which the conclusion has been reached are not approved. However, in this case we approve the opinion rendered by the Court of Civil Appeals wihout qualification. In our original opinion we only suggested that the testimony might have been considered sufficient by the trial judge to establish the fact that the defendant in error held the land by an equitable title, in which event the conclusion

reached by the Court of Civil Appeals would be correct, even though the reason upon which the conclusion is based could not be approved. That the testimony, mention of which is made in the original opinion, was competent and might have been properly considered by the trial judge in the rendition of his judgment under the pleadings we have heretofore mentioned, is amply supported by authority.

The Supreme Court, speaking through that pre-eminent jurist, Judge Gaines, in Edwards v. Barwise, 69 Tex. 84, 6 S. W. 677, in discussing this identical question, under this identical situation, said: "Should the petition be in the statutory form as in the present case, he (meaning the plaintiff) will be permitted to adduce any competent parol evidence in order to establish his title, although the fact proposed to be established by such evidence be not specially pleaded." In Mayes v. Manning, 73 Tex. 43, 11 S. W. 136, it is said by the same court, speaking through another pre-eminent jurist, Judge Henry: "Plaintiff stated his title in his pleadings only in general terms, not specifying in any manner how it was derived. On the trial he was correctly permitted to prove facts constituting a resulting trust in his favor amounting substantially to the equitable title." The Supreme Court in Montgomery v. Noyes, 73 Tex. 203, 11 S. W. 138, with this identical question before it, decided it as it did in Mayes v. Manning, supra, holding that the testimony was sufficient to establish, prima facie, a resulting trust in favor of the wife where the deed was taken in the name of the husband by proof of the fact that the consideration was paid out of the separate estate of the wife. In Wade v. Boyd, 24 Tex. Civ. App. 492, 60 S. W. 360, the Court of Civil Appeals, speaking through Judge Templeton said: "It is claimed by the appellants that, as the appellee's petition contained only the usual averments of the statutory action of trespass to try title, and as he proved only an equitable title * * * he cannot recover on such equitable title. * * * We do not understand that it is necessary for the plaintiff who relies on an equitable title to plead * * * the facts on which his title is based. When his petition contains simply the customary allegations, he may prove any fact tending to establish his title."

The point decided by the decisions from which these quotations are made has never been decided otherwise by the Supreme Court of this state, though there are some decisions, doubtless correct, under the facts of those cases, in which this exact point was not involved, which contains language which might plausibly be used in support of the argument that the point involved in this case had been decided otherwise. Properly construed, none of these decisions are in conflict with the decision in the cases above

mentioned. Among them are the cases cited by the plaintiff in error in his motion for rehearing, including McCampbell v. Durst, 15 Tex. Civ. App. 522, 40 S. W. 315; Matthews v. Moses, 21 Tex. Civ. App. 494, 52 S. W. 113; Groesbeeck v. Crow, 85 Tex. 200, 20 S. W. 49; Green v. Churchwell (Tex. Civ. App.) 222 S. W. 341; Chicago T. & M. C. Ry. Co. v. Titterington, 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39.

That under an ordinary trespass to try title case a plaintiff can recover by showing that he holds an equitable title as against a defendant who holds a legal title is a holding by the appellate courts of this state in numerous cases, among which, in addition to those we have discussed, are Hardy v. Beaty, 84 Tex. 562, 19 S. W. 778, 31 Am. St. Rep. 80; Kauffman v. Brown, 83 Tex. 41, 18 S. W. 425; Blumenthal v. Nussbaum (Tex. Civ. App.) 195 S. W. 275. The decision on this point, in the case last mentioned, was by the Court of Civil Appeals. The case afterwards reached the Supreme Court, 221 S. W. 944, and was disposed of on another point in the case. The only demurrer to the petition, the sufficiency of which is the only question we have discussed, was a general one. The testimony to which we referred in our original opinion as being competent to be considered by the trial judge, under the general allegation in the plaintiff's petition, was admitted without objection. Had timely objections been made to it, some of it may have been properly excluded, but the admissibility of the testimony is not raised, and was before the trial judge for such consideration as he deemed it worthy to receive, in support of the only possible issue presented by the pleadings we have mentioned. What effect this testimony had, if any, in the rendition of the judgment, we have not decided. We have simply said that the allegations in the petition were sufficient to admit the testimony, introduced without objection, and the trial judge may have considered it sufficient to establish the existence of an equitable title to the land in the defendant in error.

■■ While the trial judge may have considered this testimony sufficient to establish the existence of an equitable title in the defendant in error, upon the other hand he may have deemed it insufficient to support a finding to that effect, upon one or more of several phases of the case presented by the record, and admissible under the plea of not guilty, among which is the defense of stale demand. Under the plea of "not guilty" the defendant in this character of case may avail himself of any defense, legal or equitable, arising from the weakness of the plaintiff's case, or from independent facts proven in the case, except the statute of limitations and of improvements made in good faith. The defense of stale demand is not required to be specially pleaded where there is a plea

of "not guilty." Mayes v. Manning, supra; Montgomery v. Noyes, supra. In short, any defense which would, under the ordinary rules of pleadings, be set up by general or special denial, or in confession and avoidance, or in estoppel, may be urged under this plea, except limitations or improvements made in good faith. Townes, Texas Pleading (2d Ed.) 623. However, as the plaintiff is not advised by the defendant's plea of "not guilty" what particular defenses the latter expects to interpose, he is not required to meet such an answer with any replication or supplemental petition, but is permitted to introduce evidence in rebuttal of defendant's evidence, or in confession and avoidance, or in estoppel, of the defenses interposed by the evidence. Paul v. Perez, 7 Tex. 338; Miller v. Alexander, 8 Tex. 43; Rivers v. Foote, 11 Tex. 671; Hollingsworth v. Holshousen, 17 Tex. 41; Rodriguez v. Lee, 26 Tex. 32; Viser v. Rice, 33 Tex. 139; Walker v. Howard, 34 Tex. 478; Shields v. Hunt, 45 Tex. 424; Titus v. Johnson, 50 Tex. 224; McSween v. Yett, 60 Tex. 183; Wright v. Dunn, 73 Tex. 293, 11 S. W. 330.

We recommend that the motion be overruled.