**RODRIGUEZ et al. v. VALLEJO.**

No. 11047.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 26, 1941.

C. C. Bryant, of Harlingen, for appellants.

Myrick & Johnson, of Harlingen, for appellee.

SMITH, Chief Justice.

This is an action in trespass to try title.

The principal question is whether, under a petition restricted to the formal allegations prescribed in Art. 7366, R.S. 1925 (now Rule 783, Rules of Practice and Procedure in Civil Actions effective September 1, 1941) and an answer of "not guilty" (Art. 7372, now Rule 789), the plaintiff may prove and recover (from the owner of the apparent legal title) upon an equitable title based upon a resulting trust, without specially pleading such title, or the facts constituting the trust.

■ Much has been written upon this question, and considerable confusion, if not some conflicts of opinion, have resulted. But the rule seems to be now well settled

that under the usual averments in a statutory action in trespass to try title, the plaintiff may prove and recover upon an equitable title flowing from a resulting trust, even though not specially pleaded. Texas Creosoting Co. v. Hartburg Lumber Co., Tex.Com.App., 16 S.W.2d 255, and authorities there cited; Mayes v. Manning, 73 Tex. 43, 11 S.W. 136; Hall v. Miller, Tex.Civ.App., 147 S.W.2d 266.

Appellants invoke the provisions of Art. 7425a, Vernon's Ann.Civ.St., as follows: "Where a trust is created, but is not contained or declared in the conveyance to the trustee, or when a conveyance or transfer is made to a trustee without disclosing the names of the beneficiary, or beneficiaries, the trustee shall be held to have the power to convey or transfer or encumber the title and whenever he shall execute and deliver a conveyance or transfer or encumbrance of such property, as trustee, such conveyance or transfer or encumbrance shall not thereafter be questioned by any one claiming as a beneficiary under such trust or by any one claiming by, through, or under an undisclosed beneficiary, provided that none of the trust property in the hands of said trustee shall be liable for personal obligations of said trustee." Acts 1925, 39th Leg., ch. 120, p. 305, § 1.

We hold that Art. 7425a has no application to transfer by trustee of a title acquired by operation of law through a resulting trust, where, as in this case, the vendee takes with notice of the trust. 65 C.J. p. 373, § 150; 42 Tex.Jur. p. 738, § 121; Woodall v. Adams, Tex.Civ.App., 7 S.W.2d 922.

It is undisputed that in this case appellee, the cestui que trust, has resided upon the premises involved continuously since 1933, and resided therein and was in obvious possession thereof at the time the trustee attempted to convey the property to appellant Rodriguez, in 1940. This possession was notice to Rodriguez of the existing trust, or at least was sufficient to put him upon inquiry which would surely have led to knowledge of the true status of the title. 42 Tex.Jur. p. 731.

Moreover, the record shows that the equitable title was vested in appellee, as the beneficiary of the trust, at the time of the effective date of Art. 7425a, and the provisions of that act, if applicable in this case, may not be given retroactive effect to destroy that vested interest. Mc-

Whorter v. Oliver, Tex.Civ.App., 2 S.W. 2d 281, and authorities cited.

Appellants contend that the evidence was not so clear and satisfactory as to establish the fact of a resulting trust. We have carefully examined the statement of facts and conclude that the implied finding of the trial judge in favor of appellee upon this issue was warranted by the evidence, even when tested by the strict showing invoked by appellants.

The judgment is affirmed.