## SOUTHERN LUMBER CO. et al. v. KIRBY LUMBER CORPORATION.

### No. 4233.

Court of Civil Appeals of Texas. Beaumont.

June 22, 1944.

Rehearing Denied July 13, 1944.

K. W. Denman, of Lufkin, and A. M. Huffman, of Beaumont, for appellants.

Fountain, Cox, Gaines & Wilcox, of Houston, for appellee.

COE, Chief Justice.

This is a trespass to try title suit in which Kirby Lumber Corporation, appellee, plaintiff in the trial court, sued Southern Lumber Company et al., appellants, defendants in the trial court, claiming title to a specific 160 acres of the George Clark one-third league survey, described by metes and bounds in their amended petition upon which they went to trial, containing the usual allegation of trespass to try title, and specifically plead the statute of limitations of 3, 5, 10 and 25 years, with the alternative plea for the title and possession of a defined 3.13-acre tract on said George Clark survey under the 10 year statute of limitations, alleging such tract to be a

correct description of the boundaries of its improvements on such survey.

The appellants replied to appellee's pleadings with a general denial and plea of not guilty, and pleas of estoppel.

At the close of the testimony, both appellants and appellee filed and presented to the court motions for an instructed verdict. The court denied and refused appellants' motion. The appellee's motion requested the court to instruct the jury to return a verdict in its favor for the title to and possession of an undivided 52½ acres in the 160-acre tract. The court granted the motion of appellee and instructed the jury to return a verdict for the appellee for the title to and possession of an undivided 52½ acres in the 160-acre tract, and the jury returned a verdict in accordance with such instructions. Upon the finding of the jury, the court entered judgment for the 52½ acres in favor of appellee.

All the other issues in the case presented by the pleadings of the parties, relating to timber cut and removed, were submitted to the jury and determined. Neither party makes any complaint of these findings. The appellants have duly perfected their appeal to this court.

John B. Lockhart, Sr., cultivated a field in the N. E. corner of the George Clark one-third league survey in Tyler County, Texas, for a period of 25 or 30 years prior to his death in March, 1894. He was survived by his wife, Mary Lockhart, a son, John Lockhart, Jr., and three daughters, Mary Grimes, wife of G. W. Grimes, Elizabeth Ann (Betty) Lockhart and Mattie Lockhart. After the death of his father, John Lockhart, Jr., lived in the house, which was located on the Ives survey immediately north of and adjoining the George Clark survey, with his mother and unmarried sisters until his death on December 30, 1909, and together with his sisters cultivated the field on the Clark survey until 1905, at which time it was abandoned.

On July 29, 1903, John Lockhart, Jr., executed a deed to J. S. Pate and N. A. McNeil covering 100 acres of land out of the south part of the 160-acre tract involved herein.

On September 6, 1910, G. W. Grimes, Mary Grimes, Mrs. Mary Lockhart, Betty Lockhart, Mattie Lockhart and J. S. Pate gave a power of attorney to a lawyer named Joe W. Thomas, giving him power to sue for and recover the 160 acres of land involved in this suit, which was located in the N. E. corner of the George Clark one-third league, so as to include the improvements of the grantors situated in said N. E. corner. The power of attorney further provided that in consideration of the service performed and to be performed by said attorney "we do hereby grant, sell and convey, and by these presents have granted, sold and conveyed unto the said Joe W. Thomas ¼ undivided interest in and to the above described 160 acres of land owned and claimed by us, and ¼ of all proceeds from sale or amount recovered by suit of said land and premises."

On October 29, 1911, Betty Lockhart died without issue and without having been married, and Mrs. Mary Lockhart, surviving widow of John B. Lockhart, Sr., died intestate April 8, 1912.

In the meantime N. A. McNeil had died, leaving surviving his wife, Nannie McNeil, who later married Pederson, and a daughter, Mary Bell McNeil.

On August 30, 1912, Mattie Lockhart acknowledged tenancy to John Henry Kirby to that portion of the George Clark 1476-acre survey which she then held possession, acknowledging in such instrument to John H. Kirby that he was the owner of said land, and agreed to look after and protect from depredation as far as she could the premises so occupied by her, and agreed to deliver possession thereof to John H. Kirby, or his assigns, whenever requested by him or them so to do, and further stated that she did not claim any right, title or interest in and to said land except as a tenant at will and by sufferance of John H. Kirby.

On March 8, 1913, Mrs. Nannie Pederson, C. A. Pederson, Mary Bell McNeil, J. S. Pate, Joe W. Thomas, G. W. Grimes and Mary Grimes brought suit against John H. Kirby and Willie Hyman in the district court of Tyler county, in cause No. 3245, in trespass to try title to recover the land involved herein, claiming that they had matured title to same under the 10 years statute of limitation. Mattie Lockhart was not made a party to that suit.

On August 13, 1913, judgment was entered in said cause, based upon the verdict of the jury, which found that John B. Lockhart, Sr., had perfected limitation title to the 160-acre tract of land. However, the judgment only awarded to plaintiff the

title and possession of an undivided 107½ acres in the 160-acre tract. Thereafter, on March 4, 1914, John Henry Kirby et al. gave to Mrs. Nannie Pederson, Mary Bell McNeil, J. S. Pate, Joe W. Thomas, and Mrs. Mary Grimes a quitclaim deed covering all of the grantors' right, title and interest in and to the 160-acre tract of land involved in that suit. The appellants hold by inheritance and under a chain of conveyances from Mrs. Nannie Pederson, Mary Bell McNeil, J. S. Pate and Joe W. Thomas and Mrs. Mary Grimes.

On October 28, 1914, Mattie Lockhart conveyed to J. A. Mooney, by general warranty deed, an undivided 53½ acres in the 160-acre tract involved in the case of Pederson et al. v. John H. Kirby et al. Kirby Lumber Corporation, appellee herein, has succeeded to the title of J. A. Mooney by a regular chain of conveyances.

Appellee urged eight different reasons in support of its motion for an instructed verdict, the substance of which is to the effect that the undisputed evidence showed that John B. Lockhart, Sr., perfected a limitation title to the 160 acres involved in this suit prior to his death in 1894, and that appellee being the owner of Mattie Lockhart's title thereto was entitled to recover an undivided interest therein of 52½ acres. That appellants were estopped by the judgment in the case of Mrs. Nannie Pederson et al. v. John H. Kirby et al., from now asserting that John B. Lockhart, Sr., did not have title by limitation to the 160-acre tract of land involved in this suit, for the reason that they had represented to the court in the Pederson case that he had so perfected title thereto. That John Henry Kirby, nor any of the other grantors, had any title to the land involved in this suit on the date of the deed from John Henry Kirby et al. to Mrs. Nannie Pederson et al., and in the alternative that the grantees in such deed being cotenants with Mattie Lockhart of the land covered thereby that the acquisition of such outstanding title by such cotenants inured to the benefit of Mattie Lockhart and vested in her an undivided 52½ acres in the 160-acre tract described in the plaintiff's petition; that the acts of the plaintiffs in the case of Mrs. Nannie Pederson et al. v. John H. Kirby et al. establishing that John B. Lockhart, Sr., had perfected limitation title to the 160-acre tract of land involved in this suit, inured to the benefit of Mattie Lockhart, a

cotenant of the plaintiffs in that suit, and to her privies; that the undisputed evidence shows that at the time of the filing of the suit and entry of the judgment in the cause above referred to, Mattie Lockhart owned an undivided interest of 52½ acres in said land, that Mary E. Grimes, wife of G. W. Grimes, owned an undivided interest of 52½ acres, that J. S. Pate owned an undivided interest of 7½ acres, that Mary Bell McNeil owned an undivided interest of 5 acres, that Mrs. Nannie Pederson owned an undivided interest of 5 acres, and that Joe W. Thomas owned an undivided interest of 37½ acres, and that the undisputed evidence shows that the title of Mattie Lockhart to the undivided 52½ acres interest is now vested in Kirby Lumber Corporation.

Appellants predicate this appeal upon nine points, the first five of which assign error of the court in granting appellee's motion for an instructed verdict, and the remaining four complaining of the error of the court in overruling appellants' motion for an instructed verdict. In the interest of brevity, we will not undertake to set out in haec verba the several points urged, but will try the best we can to state in substance the matters relied upon, which are as follows:

The first three points being, in effect, that since Mattie Lockhart was not a party to the suit, neither in person nor by representation, nor a party to the judgment in the case of Mrs. Nannie Pederson et al. v. John H. Kirby et al., and not in privy with any of the parties to such suit, appellee obtained no benefit whatever from such judgment; that Mattie Lockhart's interest in said land as an heir of John B. Lockhart, Sr., being separate and distinct, and not adjudicated in such judgment, and therefore the judgment in that case was not binding for any purpose on appellants, that in any event said judgment is neither an estoppel or res judicata, or otherwise, prevents appellants from asserting that John B. Lockhart, Sr., did not have limitation title to the land involved because such verdict was not plead by the plaintiffs for any purpose.

By point No. 4, they assert that the undisputed evidence showed that John B. Lockhart Sr.'s possession on the George Clark one-third league was a mere encroachment, and therefore insufficient to mature title by limitation on any acreage on such survey other than the 3.13 acres

enclosed by him, and by their 5th point they urge that the evidence raised an issue of fact for determination of the jury with respect to the limitation title of John B. Lockhart, Sr., and the title of Mattie Lockhart, the judgment in the case of Mrs. Nannie Pederson et al. v. John H. Kirby et al. not determining the status of the claim or title of Mattie Lockhart, either for or against her, not being binding upon appellants, and that the evidence in this case showed that John B. Lockhart Sr.'s possession on the George Clark one-third league, if any, was a mere encroachment.

The view we take of the law governing the several points makes it unnecessary to discuss each one separately.

■ We are of the opinion that the judgment in the case of Mrs. Nannie Pederson et al. v. John H. Kirby et al. is controlled by the rule announced by the Supreme Court, speaking through the Commission of Appeals, in the case of Campbell et al. v. McLaughlin et al., reported in 280 S.W. 189, at page 191. In discussing the effect of a very similar judgment, the court said:

"We have no doubt that at least some of the findings of the jury in the Houston Oil Company v. Polly Choate case thus offered were admissible in this case, as in the nature of an admission by defendants in error to the effect that the Choate title in June, 1873, was in truth superior to the Smith and Davidson titles by reason of the facts therein found. Such verdict is not to be admitted upon any principle of estoppel or res adjudicata, for of course a judgment has no binding force upon persons who are not parties or privies as to any fact upon which such adjudication was made. Such testimony is admissible as an ordinary admission of a party against interest, and it can make no difference what the precise form of the admission may assume."

Since Mattie Lockhart, under whom the appellee claims, was neither a party to the suit of Pederson v. Kirby, nor is appellee in privity with any of the parties in that suit, we are of the opinion that appellants were not estopped by that judgment from asserting that John B. Lockhart, Sr., did not mature title by limitation to the land involved in that suit. Neither is it res judicata of the fact issues passed upon. We are of the opinion that the findings of the jury in the Pederson v. Kirby case,

as set forth in the judgment, while not constituting estoppel nor res judicata, were admissible as admissions against interest and are within themselves sufficient to raise the issue as to whether John B. Lockhart, Sr., perfected title by limitation to the 160-acre tract of land involved in that suit prior to his death in 1894.

By their points 6, 7, 8 and 9, appellants contend that the court was in error in not granting appellants' motion for an instructed verdict; points 6, 7 and 8 being in substance that the undisputed evidence established record title to the land in controversy in appellants and that the undisputed evidence showed that those under whom appellee claims had not perfected title by limitation to such land, it was error for the court to overrule their motion for instructed verdict.

While the evidence introduced in the trial of this cause, other than the judgment in the case of Mrs. Nannie Pederson et al. v. John H. Kirby, goes no further than to establish an encroachment by John B. Lockhart, Sr., of the 3.13 acres of land in controversy in this suit, yet, as before stated, we are of the opinion that the recitals in the judgment above referred to were sufficient within themselves to raise the issue of limitation in John B. Lockhart, Sr., to the entire 160 acre tract.

■ By point No. 9, appellants contend that they were entitled to an instructed verdict for the reason that the appellee, claiming title under Mattie Lockhart, is estopped from asserting title to the land involved by the disclaimer of Mattie Lockhart made to John H. Kirby. From the record made in the trial of this case, it is impossible to ascertain what portion of the George Clark 1476-acre survey the acknowledgment of tenancy executed by Mattie Lockhart to John H. Kirby referred. The descriptive part in that instrument is as follows: "That portion of the George Clark 1476 acres survey which I hold possession." This record is silent as to Mattie Lockhart being in possession of any part of the George Clark 1476-acre survey on the date this instrument was executed. It is shown without dispute that she was not in possession at that time of any part of the field which her father had cultivated on said survey. Whether she was in possession of some other portion of the 160-acre tract, or in possession of some other portion of said survey, this record is silent. Such being the state of the record, we are

of the opinion that this acknowledgment of tenancy on the part of Mattie Lockhart is wholly insufficient to constitute an estoppel of her vendees to assert title to the land in controversy under her.

What we have said in discussing appellants' points we feel is sufficient to cover appellee's counterpoint No. 1. Appellee's counterpoint No. 2 is to the effect that since Mattie Lockhart and the plaintiffs in the Pederson suit were cotenants, engaged in a joint adventure to recover the land and she having contributed ¼ of her interest to the joint adventure, a relation of trust and confidence existed between them and Mattie Lockhart and therefore she was entitled to share any title acquired by them as the result thereof, whether by judgment, deed or otherwise.

■ There has been much confusion in the decisions of this state as to whether it is necessary in trespass to try title suits to specially plead such facts as would show an equitable title before the party claiming the same could recover the land, but the rule now seems to be that under the usual averments in a statutory action of trespass to try title the plaintiff may prove and recover upon an equitable title flowing from a resulting trust, even though not specially pleaded. See Rodriquez et al. v. Vallejo, Tex.Civ.App., 157 S.W.2d 172; Texas Creosoting Co. v. Hartburg Lumber Co., Tex.Com.App., 16 S.W.2d 255, and authorities there cited. For authorities holding to the contrary, see 42 Tex.Jur., page 784, Sec. 160, and cases there cited, including McKivett v. McKivett, Tex.Civ. App., 45 S.W.2d 1102. In this case, however, the appellee made no tender or offer to reimburse appellants for any portion of the purchase money or consideration paid by appellants and their predecessors in title to John Henry Kirby et al. for the execution of the deed from John H. Kirby et al. to Nannie Pederson et al., whereby the appellants acquired the outstanding title of John H. Kirby et al., if any they had, in the land in controversy, and as stated in the case of Homes Inv. Co. et al. v. Strange, 109 Tex. 342, 195 S.W. 849, 852: "It was an essential ingredient of this cause of action for equitable relief. He had applied to a court of equity for the equitable relief of having the court to decree the title to the lots from the plaintiffs in error to him. In asking for such equitable relief, he was required to do equity by refunding the money to the plaintiffs in error which they had paid for the title. Strange had no standing in a court of equity without he was thus willing to do equity." And as is further stated in the same opinion: "A court of equity will not make Strange a present of the lots because Moroney had intended to defraud him." Therefore, appellee having failed to tender appellants any portion of the purchase price paid by them to John H. Kirby et al., regardless of what the other facts might have shown, it would not, as we view it, be entitled to recover the title thus acquired by appellants.

It follows from what we have said that we are of the opinion that the trial court committed error in granting appellee's motion for an instructed verdict, and that this case should be reversed and remanded for another trial, and it is accordingly so ordered.

Reversed and remanded.