### GRAVES et al. v. McCLELLAN et al.
### No. 2652.

Court of Civil Appeals of Texas. Waco.

Oct. 18, 1945.

Rehearing Denied Nov. 8, 1945.

Tom Mears, of Gatesville, for appellants.

Stinnett & Stinnett, of Gatesville, for appellees.

TIREY, Justice.

This is a suit (nonjury) in trespass to try title. Plaintiffs sought relief under the five and ten year statutes of limitations (Arts. 5509 and 5510, R.C.S.). Judgment was rendered for plaintiffs and defendants Graves have appealed. There is no statement of facts. At the request of defendants the trial judge filed findings of fact and conclusions of law:

"I find that on October 29th, 1912, the subject matter of this suit, Lot 2 block 20, New Addition to the City of Gatesville, Texas, was conveyed by W. H. Young to Mrs. Tillie Moon by General Warranty Deed which contained the recitation that it was her separate property.

"Mrs. Tillie Moon was at the time of such conveyance the wife of Jack Moon. Mrs. Tillie Moon died in Gatesville, Texas about Nov. 27, 1918 intestate. She was survived by her husband, Jack Moon. They had no children. She was also survived by her sisters, Mrs. Sallie Graves and Mrs. Ida Wymer and two nieces, the daughters of a deceased sister Mrs. Wells.

"On April 16, 1928, Jack Moon, a widower and as surviving husband of Tillie Moon, deceased, conveyed the land in question to Dan R. McClellan by General Warranty Deed which was placed of record in the Deed Records of Coryell County, Texas, on April 19, 1928.

"I find that from the date of his wife's death Jack Moon took full charge of the land in controversy renting it and paying all taxes thereon as they accrued and executing and paying for paving liens thereon.

"I find that after Moon deeded the lot in question to Dan McClellan and after his deed was duly registered McClellan went into possession of said land and continued to use it and enjoy it, renting it to tenants of his choice and collecting all rents thereon and paying all taxes each year as they accrued. I find that McClellan's possession of the property was a 'peaceable possession' and that it was continuous and not interrupted by any adverse claim or suit to recover from him the title or possession of any part of same. I find that Mr. McClellan's possession was an actual, open and visible appropriation of said land and was never disputed or questioned during his ownership by anyone.

"In June, 1944, Dan McClellan, joined by others, conveyed the lot in question to Mrs. A. G. Tipton who is a party plaintiff herein, and who claims title to 4/6th of the property by and through and under the vendors.

"I find that neither Jack Moon nor any of the parties defendant herein ever lived on said land. All parties to the suit were well acquainted with said land, its location and the uses to which it had been put.

"After the sale by McClellan to Mrs. Tipton it appeared from the abstract of title that the deed from Young to Tillie Moon, supra, cast some cloud on the title. McClellan approached Mrs. Graves with reference to securing a quit-claim deed. She refused to sign and he filed this suit in trespass to try title pleading specially the five and ten year statutes of limitation of this State and made as parties defendant all the heirs of Mrs. Tillie Moon, deceased.

"Conclusions of Law

"From the above facts, I conclude as a matter of law that title to said land and premises had fully ripened in the said Dan R. McClellan, his deceased wife, Ailene McClellan, her heirs, and their vendee, under the Statutes of Limitation as pleaded by the plaintiffs and that they are entitled to recover the title and possession thereof as against all of said defendants, in the proportions as set out in the plaintiffs' pleadings."

Defendants' attorneys adopted the above findings of fact but excepted to the conclusions of law. Since defendants adopted the trial court's findings of fact, their only complaint against the judgment of the trial court is "that the statute of limitation does not run against joint owners except where actual notice is given or where the property is occupied by the person who is claiming it by reason of the law of limitations." This exact question was decided adversely to appellants' contention in Robles v. Robles, Tex.Civ.App., 154 S.W. 230. See also Hufstedler v. Sides, Tex.Civ.App., 165 S.W.2d 1006 (writ refused), point 9; Carlock v. Willard, Tex.Civ.App., 149 S.W. 363 (writ refused), point 2; Hexter v. Pratt, Tex.Com.App., 10 S.W.2d 692; Olsen v. Grelle, Tex.Com.App., 228 S.W. 927; Liddell v. Gordon, Tex.Civ.App., 241 S.W. 750, points 7, 8; Jung v. Petermann, Tex.Civ. App., 194 S.W. 202; Mayes v. Manning, 73 Tex. 43, 11 S.W. 136.

Appellants rely on Peters v. Gillund, Tex. Civ.App., 186 S.W.2d 1019. We have carefully considered this case but in our opinion the factual situation there presented is not analogous here. Since the foregoing cases are clear and controlling, further discussion would be of no avail.

The judgment of the trial court is affirmed.